Laurence Thomas **WASHINGTON**

v.

**OFFICIAL COURT STENOGRAPHER.**

Civ. A. No. 39300.

United States District Court
E. D. Pennsylvania.

March 30, 1966.

Laurence Thomas Washington, pro se.

Edward G. Bauer, City Sol., Philadelphia, Pa., by Beryl E. Hoffman, Asst. City Sol., for defendant.

JOSEPH S. LORD, III, District Judge.

This is a civil rights action. On November 24, 1965, plaintiff was granted leave to proceed *in forma pauperis*. He alleges a deprivation of his constitutional rights, specifically the right to the equal protection of the laws. He asserts in his complaint that an official court stenographer has refused to comply with two long-outstanding state court orders directing the stenographer to furnish him with the notes of testimony taken at the trial which resulted in his imprisonment. He needs the notes, it is alleged, in order to prepare a petition for habeas corpus. Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted; mootness; failure to exhaust state remedies; the absence of any alleged prejudice resulting from defendant's omissions; and failure to provide a plain and concise statement of the relief sought. In its brief but not in its motion, defendant also raises the defense of judicial immunity. Since that defense is not of record, it is not before the court.

The motion to dismiss must be denied. Plaintiff's complaint states a cause of action under the Civil Rights Act of 1871, 42 U.S.C. § 1983. That statute renders civilly liable any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws * * *." Upon this motion, plaintiff's allegations must be taken as true. There is no doubt that a court stenographer who wilfully or negligently, see Basista v. Weir, 340 F.2d 74, 81 (C.A.3, 1965), fails to provide an indigent with a copy of his trial transcript, when ordered to do so by a court, deprives him of his federally-protected rights under color of law.

That the equal protection clause requires a transcript to be furnished an indigent defendant free of charge is well established. Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The right to

a transcript is equally applicable if the notes are needed to prepare a collateral attack on the conviction, such as a petition for habeas corpus. Lane v. Brown, 372 U.S. 477, 484, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). It is true, of course, that a transcript need not be provided merely for perusal or curiosity but only when it is necessary to present fully the indigent prisoner's claim for relief. Draper v. Washington, 372 U.S. 487, 495–496, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); United States v. Shoaf, 341 F.2d 832 (C.A.4, 1964). Plaintiff's complaint does not spell out the reasons for his need of the transcript. It does allege, however, that two different state judges have ordered that he get a copy of it. Cf. Peckham v. Scanlon, 241 F.2d 761, 763 (C.A.7, 1957). While refusal to furnish a transcript without a showing of the need for it is no deprivation of an indigent's civil rights, an inference of need may properly be drawn from the issuance of previous court orders compelling production of the transcript.

Defendant asserts in his brief that following the issuance of the court orders the clerk of the court had sent two letters to the stenographer directing production of the transcript, but that both were misaddressed and neither was received. When notice was finally received, he states, the notes were promptly transcribed and forwarded to plaintiff. These unsworn statements are not part of the record and cannot be considered on a motion to dismiss. If true, they might constitute a defense, but the earliest point at which they could be considered would be on a motion for summary judgment, provided they were presented in the form of uncontroverted affidavits. F.R.Civ.P. 56. A motion to dismiss is not a proper vehicle for the determination of facts outside the complaint. Rennie & Laughlin, Inc. v. Chrysler Corporation, 242 F.2d 208 (C.A.9, 1957).

Even if true, the fact that the transcript has already been provided would not render this action moot. This is not a petition to obtain the transcript but to obtain damages for the failure to provide it; that the wrong alleged is not continuing is irrelevant to the existence of a cause of action. Equally inapposite is the doctrine of exhaustion of state remedies. The civil rights statute allows the action to be brought in federal court, state remedies notwithstanding. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

Defendant contends that no prejudice resulted from his alleged wrongful act. Presumably, this is intended to suggest that plaintiff has suffered no damages. The absence of actual damages, however, does not defeat an action under Section 1983. Even if no actual damages are sustained, nominal and punitive damages may be recovered. Basista v. Weir, 340 F.2d 74 (C.A.3, 1965).

Defendant's objection to the form of plaintiff's complaint is not well-taken. Although technically deficient in some respects, the complaint is plain and concise enough. It suffices to apprise the defendant of the nature of the claim. See Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102 (1957). There may be legal or factual defenses present in this case, such as defendant's lack of knowledge of plaintiff's request for the notes, which may ultimately preclude recovery. But it is premature to reach those possible defenses now. On its face, the complaint sufficiently alleges a deprivation by defendant of plaintiff's constitutional right to a transcript, and it would take the court far outside the present record to conclude that he could not prove what he avers. The motion to dismiss is denied.