Milton McCRAY, Appellant,

v.

STATE OF MARYLAND, Appellee.

No. 71–1333.

United States Court of Appeals,
Fourth Circuit.

Decided Feb. 29, 1972.

Milton McCray, pro se.

Francis B. Burch, Alfred J. O'Ferrall, III, Donald R. Stutman, Baltimore, Md., for appellee.

Before SOBELOFF and BRYAN, Senior Circuit Judges, and WINTER, Circuit Judge.

SOBELOFF, Senior Circuit Judge:

Plaintiff, a Maryland prisoner, brought this action under 42 U.S.C. § 1983 against John B. Rutherford, Clerk of the Baltimore City Court, alleging that Rutherford's negligence impeded the filing of his petition for state post-conviction relief.

The court is here limited to deciding whether the complaint states a cause of action. For this purpose, we must accept plaintiff's allegations as true. Boddie v. Connecticut, 401 U.S. 371, 373, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Gardner v. Toilet Goods Assn., Inc., 387 U.S. 167, 172, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967); Carter v. Carlson, 447 F.2d 358 (D.C.Cir.1971), cert. granted, District of Columbia v. Carter, 404 U.S. 1014, 92 S.Ct. 683, 30 L.Ed.2d 661 (1972).

The District Court dismissed the complaint, holding that the clerk is absolutely immune from suit under section 1983 because in its view he is a "quasi-judicial" officer and as such cloaked with judicial immunity. Cited for this proposition are the cases set out in the margin.[1] As a separate basis for dis-

1. The District Judge cited:
Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969); Sullivan v. Kelleher, 405 F. 2d 486 (1st Cir. 1968); Rhodes v. Meyer, 334 F.2d 709 (8th Cir.), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d

missing the complaint, the District Judge ruled that the allegation of negligence, with no allegation of a violation of a federally protected right, is not sufficient to state a claim under § 1983. We conclude that the order of dismissal was not justified on either ground.

### I. *The Asserted Immunity of Court Clerks*

■ The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. Pierson v. Ray, 386 U.S. 547, 554–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation. Pierson v. Ray, *supra* at 554, 87 S.Ct. 1213; Bradley v. Fisher, 13 Wall. 335, note at 349–350, 20 L.Ed. 646 (1872) (quoting Scott v. Stansfield, 3 Ex. 220, 223 (1868) ).

■ The public interest in preserving constitutional rights through redress by civil actions is thus limited by the compelling need that judges' discretionary duties shall be discharged with efficiency and not in fear that their decisions may prompt actions against them for personal liability in damages. But in determining whether the protection afforded by the doctrine of absolute immunity is to be expanded to lesser judicial

personnel, it is imperative always to bear in mind the reasons underlying the creation of the immunity shield. "The proper approach is to consider the precise function at issue, and to determine whether the officer is likely to be unduly inhibited in the performance of that function by the threat of liability for tortious conduct." Carter v. Carlson, *supra*, 447 F.2d at 362 (Bazelon, C. J.). *See* Ove Gustavsson Contracting Co. v. Floete, 299 F.2d 655, 659 (2nd Cir. 1962), cert. denied, 374 U.S. 827, 83 S. Ct. 1862, 10 L.Ed.2d 1050 (1963). The privilege of absolute judicial immunity should be "applied sparingly" in suits brought under section 1983 since to give too wide a scope of protection to state officials would effect a "judicial repeal" of the congressional purpose to make liable "every person" who under color of state law abridges a citizen's rights. *Cf.* Jobson v. Henne, 355 F.2d 129, 133–134 (2nd Cir. 1966), (*quoting* Hoffman v. Halden, 268 F.2d 280, 300 (9th Cir. 1959).

■■ The immunity of "quasi-judicial" officers such as prosecuting attorneys[2] and parole board members[3] derives, not from their formal association with the judicial process, but from the fact that they exercise a discretion similar to that exercised by judges. Like judges, they require the insulation of absolute immunity to assure the courageous exercise of their discretionary duties. Where an official is not called upon to exercise judicial or quasi-judicial discretion, courts have properly refused to extend to him the protection of absolute judicial immunity, regardless of any apparent relationship of his role

---

186 (1964); Rhodes v. Houston, 202 F. Supp. 624 (D.Neb.), aff'd, 309 F.2d 959 (8th Cir. 1962), cert. denied, 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963); Ginsburg v. Stern, 125 F.Supp. 596 (W. D.Pa.1954), aff'd, 225 F.2d 245 (3rd Cir. 1955); Niklaus v. Simmons, 196 F. Supp. 691 (D.Neb.1961), *Cf.* Henig v. Odorioso, 256 F.Supp. 276 (E.D.Pa.1966), aff'd, 385 F.2d 491 (3rd Cir. 1967), cert. denied, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166, reh. denied, 391 U.S. 929,

88 S.Ct. 1814, 20 L.Ed.2d 671 (1968) (court employees executing judicial orders.).

2. *E. g.*, Bauers v. Heisel, 361 F.2d 581, 589–590 (3rd Cir. 1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967).

3. *E. g.*, Silver v. Dickson, 403 F.2d 642 (9th Cir. 1968), cert. denied, 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969).

to the judicial system. For example, a defense counsel,[4] a court stenographer,[5] and a jailer[6] all have important duties in the judicial process, but none is afforded judicial immunity because none exercises judicial or quasi-judicial discretion which requires the protection of absolute judicial immunity.[7]

In the instant case, in respect to filing papers, the clerk has no discretion that merits insulation by a grant of absolute immunity; the act is mandatory. Md. Ann.Code, Art. 17 § 1 (1957). His duty, although associated with the court system, is not quasi-judicial (meaning entailing a discretion similar to that exercised by a judge). Clerical duties are generally classified as ministerial, 2 Harper & James, The Law of Torts, 1644 (1956), and the act of filing papers with the court is as ministerial and inflexibly mandatory as any of the clerk's responsibilities.

 Immunities which have been read into section 1983, derive from those existing at common law, Pierson v. Ray, 386 U.S. *supra* at 554–555, 87 S.Ct. 1213, 18 L.Ed.2d 288. A state officer is generally not immune under common law for failure to perform a required ministerial act. 2 Harper & James, *supra* at 1645–46. For example, registrars of deeds have been held liable in common law tort actions for negligently failing to properly index a mortgage.[8] Thus there is no basis for sheltering the clerk from liability under section 1983 for failure to perform a required ministerial act such as properly filing papers. This conclusion is supported by cases such as Washington v. Official Court Stenographer, 251 F.Supp. 945 (E.D.Pa.1966) and Whirl v. Kern, 407 F.2d 781 (5th Cir.), cert. denied, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969) (denying state ministerial officers absolute immunity under section 1983).

 Finally, applying the standard set forth in Carter v. Carlson, *supra*, the threat of possible tort liability does not "unduly inhibit" the clerk in the discharge of his duties. Indeed, it is significant that under Maryland law, the court clerk is already subject to a forfeiture of $200 for "*neglectfully* or willfully" failing to perform such ministerial duties as making "proper entries of all proceedings in the court of which he is clerk." Md.Ann.Code, Art. 17, § 32 (1957). (Emphasis added.) In light of this state law, a federal cause of action does not seem unduly inhibitory.

The cases relied on by the District Court which have held that a clerk has judicial immunity are inapposite. In Brown v. Dunne and Rhodes v. Meyer (*supra* note 1), cited by the District Court, the defendant was held not liable because the actions complained of were taken in the discharge of his lawful duties as court clerk—not in neglect or violation of those duties.[9] *Brown* and *Meyer* are decided in accord with the long recognized rule that, although denied absolute immunity from suit under section 1983, a state official who does not exercise judicial or quasi-judicial discretion may have a defense (sometimes referred to as a "qualified immunity") that he acted at all relevant times pursuant to lawful authority vested in him by the state. *E. g.*, Nelson v. Knox,

---

4. Wood v. Blacker (D.N.J., Dec. 9, 1971) 10 Cr.L.Rptr. 2258 (state appointed defense counsel not entitled to judicial immunity).

5. Washington v. Official Court Stenographer, 251 F.Supp. 945 (E.D.Pa.1966) (court stenographer not entitled to judicial immunity).

6. Whirl v. Kern, 407 F.2d 781 (5th Cir.), cert. denied, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969) (jailer not entitled to judicial immunity). *See also* Delatte v. Genovese, 273 F.Supp. 654 (D.La.1967).

7. When a judge acts in a non-judicial capacity he *pro tanto* loses his absolute immunity and is subject to liability as any other state official. Lynch v. Johnson, 420 F.2d 818 (6th Cir. 1970). *Cf.* Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1879).

8. Rising v. Dickinson, 18 N.D. 478, 121 N.W. 616 (1909); Johnson v. Brice, 102 Wis. 575, 78 N.W. 1086 (1899).

9. A similar case is Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa.1967).

256 F.2d 312, 315 (6th Cir. 1958) (Mr. Justice Stewart when Circuit Judge).[10]

■■■ A closely associated defense is afforded all public officers who act in obedience to a judicial order or under the court's direction. Lockhart v. Hoenstine, 411 F.2d 455, 460 and cases cited therein (3rd Cir.), cert. denied, 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969); United States ex rel. Smith v. Heil, 308 F.Supp. 1063 (E.D.Pa.1970).[11] It was this defense which protected the court clerks in Sullivan v. Kelleher, Rhodes v. Houston, Ginsburg v. Stern, and Niklaus v. Simmons (*supra* note 1).[12] Thus in every instance cited by the District Court where "judicial immunity" was accorded a court clerk, he was in fact acting regularly and lawfully. McCray here alleges very different circumstances—he asserts that the clerk impeded the filing of his papers. If the claim is true, the clerk was acting in direct violation of his statutory duties. In cases where an official's lawful authority was exceeded [13] or the court order not followed [14] no immunity was recognized and the officer was held liable under section 1983 if his actions abridged an individual's federally protected rights. In the situation alleged by plaintiff in this case, the clerk is entitled to no more protection than any other state ministerial functionary who fails to discharge a mandatory duty. *Cf.* Whirl v. Kern, *supra*; Washington v. Official Court Stenographer, *supra*.

Certainly the cases cited by the District Judge support his analysis that in some instances court clerks have been accorded what was called absolute "judicial immunity." As shown above, the results reached in the cited cases are justified, not because of the rule of judicial immunity, but for the factual distinctions between those cases and the case at bar. Those cases which pitch their result on the doctrine of judicial immunity misconceive its purpose and limited scope and misapply it to court clerks.

If the clerk has a defense that he was acting pursuant to his lawful authority or following an order of the court, that defense must be raised and established before the complaint can properly be dismissed or judgment entered for the defendant.

## II. *Sufficiency of the Allegations*

The District Judge also dismissed the plaintiff's action because

> McCray alleges that he is entitled to damages as the result of Mr. Rutherford's negligence. He does not allege that Mr. Rutherford violated any of his federally protected rights. Negligence alone is not actionable under section 1983.

■■ Preliminarily, we note that a section 1983 action may be based on negligence when it leads to a deprivation of rights. *See* Jenkins v. Averett, 424

---

10. It is perhaps more correct to designate as a "defense" the protection afforded an official whose office does not authorize him to wield judicial, or quasi-judicial discretion. Such a defendant will escape liability only if he was acting within the bounds of his authority. The question of liability on that basis may require a trial before being resolved.

11. The defense that the action taken was pursuant to a court order has frequently been misnamed "judicial immunity" when a court functionary such as a constable or a court clerk is the defendant. But if considered an "immunity" at all, it is most properly called a "derivative immunity." United States ex rel. Smith

v. Heil, 308 F.Supp. 1063, 1066 (E.D.Pa. 1970). Since judges are immune from suit for their decisions, it would be manifestly unfair to hold liable the ministerial officers who merely carry out that judicial will.

12. Additional cases protecting court clerks when following judicial orders are: Gillibeau v. City of Richmond, 417 F.2d 426 (9th Cir. 1969); Thompson v. Baker, 133 F.Supp. 247 (W.D.Ark.1955).

13. *E. g.*, Lynch v. Johnson, 420 F.2d 818 (6th Cir. 1970); Whirl v. Kern, *supra*.

14. *E. g.*, Washington v. Official Court Stenographer, *supra*.

F.2d 1228 (4th Cir. 1970); Carter v. Carlson, *supra*; Whirl v. Kern, *supra*.

█ If plaintiff's allegations are true, it is clear that his constitutionally based right of access to courts has been violated. *See* Boddie v. Connecticut, 401 U.S. 371, 376, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (access to courts protected by due process clause); Chambers v. Baltimore & Ohio Railroad Co., 207 U.S. 142, 28 S.Ct. 34, 52 L.Ed. 143 (1907) (access to courts is a privilege of American citizenship protected by the Fourteenth Amendment); Ginsburg v. Stern, 125 F.Supp. 596, 601 (W.D.Pa.1954) (clerk's failure to file papers would be a "patent" violation of constitutional rights) (dictum). *Cf.* California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972) (access to courts is "part of the right to petition protected by the First Amendment"). Of what avail is it to the individual to arm him with a panoply of constitutional rights if, when he seeks to vindicate them, the courtroom door can be hermetically sealed against him by a functionary who, by refusal or neglect, impedes the filing of his papers? Viewing plaintiff's complaint with the liberality customarily afforded *pro se* pleadings, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it is unmistakably clear from the face of the complaint that it sufficiently alleges that he was barred access to the courts. This denial of a constitutional right of momentous importance is redressable under section 1983.

█ We deem oral argument unnecessary. Accordingly, the order of the District Court dismissing the complaint is vacated and the case is remanded for further proceedings. In his original complaint, plaintiff named the State of Maryland as the only defendant. Since this suit was brought *pro se*, the District Judge without requiring a formal amendment, quite properly treated the action as one against the court clerk. However, it does not appear from the record on appeal that the clerk was ever served process. In this circumstance, the change in parties should be formalized in the District Court and the clerk served with process unless he waives it. To conserve judicial energy and to aid the incarcerated plaintiff in the difficult task of presenting his case, counsel should be appointed by the District Court.

Vacated and Remanded.