431 F.Supp. 380 (1977)
Willie L. NORWOOD, Plaintiff,
v.
George M. SOLOMON, Defendant.
No. 75-1088C(4).
United States District Court, E. D. Missouri, E. D.
May 11, 1977.
*381 David M. Nissenholtz, St. Louis, Mo., for plaintiff.
John F. Gillespie, Asst. Circuit Atty., St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
Plaintiff Willie L. Norwood brought this suit pursuant to 28 U.S.C. § 1343 in conjunction with 42 U.S.C. § 1983, seeking monetary damages for the alleged failure of defendant George M. Solomon to transmit papers to the Missouri Court of Appeals in connection with the motion filed pursuant to Missouri Supreme Court Rule 27.26.
This cause was tried to the Court without a jury. After listening to the evidence and reviewing all documents submitted herein, the Court makes the following findings of fact and conclusions of law in accordance with Rule 52, Federal Rules of Civil Procedure:

FINDINGS OF FACT
1) Plaintiff Willie L. Norwood was at all times relevant herein a citizen of the United States. Defendant George M. Solomon is a Clerk of the Circuit Court for Criminal Causes of the City of St. Louis. One of his duties as Clerk is to certify and transmit to the appropriate appellate court a full and proper transcript of the proceedings which took place in his court. § 547.110, R.S.Mo. (1969).
2) In October, 1973, plaintiff filed in defendant's office a motion to vacate his prior guilty plea. Said motion was filed pursuant to Missouri Supreme Court Rule 27.26. On March 4, 1974, plaintiff filed a supplementary pleading to the motion, alleging the additional ground that his plea of guilty was involuntarily made in that it was coerced by the improper conviction of plaintiff's co-defendant, which conviction was subsequently reversed. This supplemental pleading was entered on the minute sheet. The State of Missouri, as defendant in the 27.26 motion, filed a motion to dismiss. In said motion, the State listed plaintiff's grounds for attack of his conviction, which list included "Alleged perjury in co-defendant's separate trial". Thus, it is clear that the supplemental pleading was filed in the cause and was brought to the attention of the trial court. The trial court granted the motion to dismiss on April 23, 1974 without opinion. An evidentiary hearing was not held.
3) An appeal was filed by plaintiff from the order denying the 27.26 motion. In the opinion affirming the denial of the motion, the Missouri Court of Appeals stated
Movant's first contention on appeal is that his guilty plea was coerced by the state's use of perjured testimony in a co-defendant's trial that resulted in the *382 imposition of the death penalty on the co-defendant. See State v. McClain, 498 S.W.2d 798 (Mo.banc 1973). This point was not raised by movant in his Rule 27.26 petition and thus is not before us for review. Norwood v. State of Missouri, 529 S.W.2d 465 (Mo.App.1975).
4) On September 24, 1975, plaintiff filed a motion for rehearing, or alternatively, for transfer to the Missouri Supreme Court. In this motion, plaintiff alleged that the supplemental pleading, raising the issue of the coerced guilty plea was not included in the record on appeal through the "inadvertence of personnel at the office of the Circuit Clerk for Criminal Causes . . .". The supplemental pleading was attached to the motion. The motion for rehearing or alternatively for transfer was denied, however, on October 22, 1975. Plaintiff's application for transfer to the Missouri Supreme Court was denied by the Supreme Court on December 8, 1975.

CONCLUSIONS OF LAW
This Court has jurisdiction over the subject matter and the parties to this suit in accordance with 28 U.S.C. § 1343.
Defendant contends that he is immune from suit as he is a judicial officer. Cf., Davis v. McAteer, 431 F.2d 81 (8th Cir. 1970); Smallwood v. United States, 358 F.Supp. 398 (E.D.Mo.1973). In McCray v. State of Maryland, 456 F.2d 1 (4th Cir. 1972), however, the court analyzed the concept of judicial immunity with reference to judicial personnel and concluded that such immunity will not be granted where the action complained of is ministerial. The claim made in McCray was identical to the one herein and the court concluded that judicial immunity did not apply. This Court agrees with the reasoning in McCray and concludes that defendant is not immune under the circumstances herein.
Plaintiff has alleged that defendant's failure to transmit the supplemental pleading denied him access to the appellate courts. This Court disagrees. It is clear from the record that the supplemental pleading was presented to the Missouri Court of Appeals by means of the motion for rehearing. Although that court allowed its original opinion to stand, this Court can not presume that the Missouri Court of Appeals failed to consider the issue raised in the supplemental pleading when it was so presented in the motion for rehearing. It is this Court's opinion that had this cause been presented to this Court as a petition for a writ of habeas corpus, 28 U.S.C. § 2254, plaintiff would have been held to have exhausted his state remedies. Accordingly, the Court concludes that defendant did not deny plaintiff access to the courts.
Judgment will be entered for defendant.