**Kent L. SLIE, et al., Plaintiffs,**

v.

**Donald E. BORDENKIRCHER, et al., Defendants.**

**Civ. A. No. 81–0217–E(H).**

United States District Court, N. D. West Virginia, Elkins Division.

Dec. 2, 1981.

Kent L. Slie, pro se.

George T. Johnson, pro se.

Chauncey H. Browning, Jr., W.Va., Atty. Gen., Charleston, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, against the Warden of the West Virginia Penitentiary, and both named and unnamed correctional officers at the Penitentiary to recover compensatory and punitive damages for an alleged illegal search of their cells which resulted in the seizure of their court papers. Defendants move this Court to dismiss this action for failure to state a claim upon which relief can be granted, pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure. For the reasons set out below, this Court hereby DENIES Defendants' motion to dismiss.[1]

### I. PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that on June 4, 1981, correctional officers, acting pursuant to Warden Bordenkircher's instructions, conducted a search of their cells. Plaintiffs maintain that this search was not routine and that they were not present[2] when it was executed. As a result of the search, Defendants seized some of Plaintiffs' court papers. Specifically, Defendants seized

---

1. This Court may entertain Section 1983 actions only where plaintiffs allege that they have suffered a deprivation of some right secured by the Constitution or some other law of the United States. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). In considering Defendants' motion to dismiss, however, this Court must consider all of Plaintiffs' alle-

gations as true. *Parker v. Rockefeller,* 521 F.Supp. 1013, 1014 (N.D.W.Va.1981).

2. *Cf. Crowe v. Leeke,* 550 F.2d 184, 188–89 (4th Cir. 1977) (enumerating factors to be considered in deciding whether prison officials may open a prisoner's legal mail outside of his presence.)

maps of the penitentiary which indicated the locations where state police officers were posted during the November, 1979, security shake-down, and a copy of the procedures utilized by the state police and the correctional officers during the shake-down.[3]

Plaintiffs allege that Defendants, Bordenkircher, Hedrick and Clutter, were personally present when unnamed correctional officers executed the search and seizure. Plaintiffs allege that Clutter instructed the unnamed Defendants to search everything in their cells including documents which were clearly identifiable as court papers. They further allege that Hedrick took possession of the seized court papers.

Later the same day, pursuant to Warden Bordenkircher's instructions, Defendant, Fromhart, interrogated Plaintiffs about their possession of the seized documents. At that time, Plaintiffs informed Fromhart that the documents were court papers which Plaintiffs had received from the West Virginia Attorney General's office by virtue of a court order. Plaintiffs then requested that the documents be returned to them. Fromhart denied their request.

The next day, Plaintiff, Johnson, was summoned to Fromhart's office. Fromhart asked for Johnson's permission that the documents be photo-copied. Johnson refused to give permission. Fromhart then informed Johnson that the documents would not be returned to him until he would allow them to be photo-copied. Plaintiffs allege that the documents still have not been returned to them, notwithstanding the fact that the West Virginia Attorney General's office has advised Defendants that Plaintiffs were entitled to them.

## II. ACCESS TO THE COURTS

Courts have long recognized that state prisoners are guaranteed the right of rea-

sonable access to the courts. *See e. g. Ex Parte Hull*, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941) (invalidating prison rule which required all habeas corpus petitions to be submitted to prison authorities before being filed). The Fourth Circuit has held that this right of access to the courts is violated and a cause of action arises under Section 1983 where prison officials confiscate[4] an inmate's legal material. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). More ominous implications of liability arise when the alleged offending officials persist in denial of a right after receiving legal advice to the contrary. *See Procunier v. Navarette*, 434 U.S. 555, 562, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1977).

Accordingly, this Court hereby DENIES Defendants' motion to dismiss and ORDERS that the parties proceed with discovery.

---

**3.** The November, 1979, security shake-down has been the subject of much of the recent litigation in this Court.

**4.** Plaintiffs have alleged culpability which transcends mere negligence. *Cf. McCray v. Maryland*, 456 F.2d 1, 5–6 (4th Cir. 1972). *See*

*generally Bonner v. Coughlin*, 545 F.2d 565 (7th Cir. 1976) (en banc) (holding that the loss of a trial transcript resulting from prison guards' negligence is not actionable under Section 1983), *cert. denied* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978).