836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary D.S. PETERS, Plaintiff-Appellant,
v.
Morgan J. MCCUTCHEON, W. Henry Jackson, C.C. Mattox,
Beaufort County South Carolina, Luke N. Brown,
Jr., Defendants-Appellees,
Randolph Murdaugh, Jr., Defendant.
 No. 86-2183.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 28, 1987.
Decided Dec. 15, 1987.
 
 Mary D.S. Peters, appellant pro se.
 Ladson F. Howell, Stephen P. Hughes, Audrey Patrone Peartree, Howell, Gibson & Boney, PA, for appellees.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Mary D.S. Peters filed suit under 42 U.S.C. Sec. 1983 and 18 U.S.C. Secs. 1961 et seq. against various persons associated with her confinement for civil contempt. She alleged that she was unlawfully arrested and imprisoned and that the conditions of her confinement violated the eighth amendment. The case went to trial before a jury. A verdict was directed in favor of defendants on all claims except those relating to the conditions of plaintiff's confinement. Peters was unwilling to proceed solely on her conditions claims and judgment was entered for the defendants. This appeal followed. We affirm.
 
 
 2
 The events giving rise to this action date back to a suit filed in 1980 in the Circuit Court for the 14th Judicial Circuit of South Carolina by the Coffin Point Plantation Homeowners Association against Peters. In this action Peters' neighbors sought entry of an order requiring Peters to remove a fence from property they claimed was a public roadway. Peters defended the action by asserting that the circuit court lacked jurisdiction to make any ruling respecting her property because (1) the State of South Carolina had ceded the property in 1891 to her predecessors in interest, retaining neither ownership nor jurisdictional rights in the property, and (2) the property is subject only to federal jurisdiction pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. Secs. 1331 et seq., in that it lies more than three miles seaward from the coastline. The circuit court ruled in favor of the Homeowners Association and enjoined Peters from maintaining a fence on the property.
 
 
 3
 Peters did not appeal to the South Carolina Supreme Court, nor did she obey the circuit court's injunction. The Homeowners Association filed a petition to show cause why she should not be held in contempt for failure to remove the fence. A show cause hearing was originally set for June 15, 1982. A conflict arose in the circuit judge's schedule for that date and, in the meantime, Peters wrote to the judge stating that she would not appear at the hearing because the court lacked jurisdiction. The judge rescheduled the hearing and entered an order directing the sheriff to transport Peters to the hearing.
 
 
 4
 In court, Peters again asserted that the state courts lacked jurisdiction to make any ruling with respect to her property, and she refused to remove the fence. The judge found her in contempt and ordered that she be placed in jail for 30 days unless she earlier purged herself of the contempt.
 
 
 5
 A few days into service of her contempt sentence Peters was brought back into court to discuss arrangements for the care of her animals. The judge released Peters for a week to make suitable arrangements. Upon her return Peters claimed that she should receive credit against her contempt sentence for the time she was released. The jail administrator checked with the judge who advised that such credit had not been contemplated and was not to be allowed.
 
 
 6
 A few days into service of her contempt sentence Peters was brought back into court to discuss arrangements for the care of her animals. The judge released Peters for a week to make suitable arrangements. Upon her return Peters claimed that she should receive credit against her contempt sentence for the time she was released. The jail administrator checked with the judge who advised that such credit had not been contemplated and was not to be allowed.
 
 
 7
 Based on these events Peters sued the clerk and judge of the circuit court, the sheriff, the jail administrator, the solicitor, and the county, claiming that she was arrested without a warrant, convicted of contempt without proper notice by a court acting outside the jurisdiction, and held beyond her release date in cruel and unusual conditions. She sought actual damages in the amount of $35,000,000 and sought punitive damages under federal laws relating to organized crime.
 
 
 8
 The district court ruled prior to trial that the defendant judge enjoyed absolute immunity from liability in damages. In this the court was correct. The circuit court is a court of general jurisdiction with authority to adjudicate property disputes and to enforce its orders by use of the contempt power. See S.C. Const. Art. V, Sec. 7; S.C.Code Secs. 14-5-320, 14-5-350. Peters' contentions that the circuit judge incorrectly rejected her defense that her property lay outside the court's jurisdiction and found her in contempt without affording her proper notice do not serve to remove the immunity by which the judge is protected. A judge is immune from damages unless he acts in "clear absence of all jurisdiction," Stump v. Sparkman, 435 U.S. 349, 357 (1978), which was not the case here. Moreover, procedural errors made in the course of the proceedings do not render a judge liable for damages. Id. at 359.
 
 
 9
 Public officers acting at the direction of a judge also enjoy absolute immunity. McCray v. Maryland, 456 F.2d 1, 5 (4th Cir.1972). The record is uncontradicted here that the judge ordered the sheriff's office to transport Peters to the hearing. The record is also uncontradicted that the judge directed that Peters not receive credit for the six days that she was released to care for her animals. For carrying out these judicial orders, the sheriff and jail administrator are absolutely immune from damages.
 
 
 10
 Peters' claims against the sheriff and jail administrator relating to the conditions of her confinement were voluntarily dismissed and are not before this Court for review. Peters also voluntarily dismissed her claims against the solicitor.
 
 
 11
 The record reveals no basis for liability on the part of the county or the court clerk. Peters has demonstrated no unconstitutional policy or custom of the county. Monell v. Department of Social Services, 436 U.S. 658 (1978). Peters' complaint against the clerk appears to be that he told her not to come to the first hearing. Because, however, the judge rescheduled this hearing, this advice was not incorrect. Peters also complains of the direction relayed by a deputy clerk from the judge to the jail administrator that Peters was to make up the six days she was released to care for her animals. This direction was relayed at the behest of the judge and was relayed by a clerk other than the one sued. It could not serve as a basis for the defendant clerk's liability.
 
 
 12
 The judgment of the district court entered in favor of defendants in this action is affirmed. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.