Argued and submitted May 8, resubmitted In Banc September 7, affirmed November 15, 1989, reconsideration denied January 12, petition for review allowed February 22, 1990 (309 Or 333)
See later issue Oregon Reports

FAY et al,
*Appellants,*

*v.*

CITY OF PORTLAND et al,
*Defendants,*

*and*

COUNTY OF MULTNOMAH,
*Respondent.*

(A8711-06906; CA A50271)

782 P2d 182

Cynthia Cumfer, Portland, argued the cause and filed the briefs for appellants.

J. Michael Doyle, Assistant County Counsel, Portland,

argued the cause for respondent. With him on the brief was Laurence Kressel, Multnomah County Counsel, Portland.

JOSEPH, C. J.

Edmonds, J., dissenting.

## JOSEPH, C. J.

Plaintiffs appeal from a judgment dismissing their personal injury claims against defendant county.[1] They argue that the trial court erred in ruling that their claims are barred by quasi-judicial immunity. We affirm.

Plaintiffs, a mother and daughter, were assaulted by Hough six days after his release from the psychiatric unit of the Multnomah County Detention Center. The release was made under a program ordered by the federal district court to relieve jail overcrowding. A court-ordered matrix system was to be used to evaluate the potential risk to the community if a particular inmate were released and was intended to result in the release of the least dangerous offenders. The court order set out the primary matrix factors and delegated authority to the sheriff to consider additional factors. One of the factors required to be considered was an inmate's custody status, *i.e.,* where he was confined. Before he was released, Hough was in the psychiatric unit. The order required court approval before the criteria could be amended.

Without first obtaining an approved amendment of the order, and contrary to the criteria promulgated by the sheriff pursuant to the order, county's corrections officials decided not to include the custody status category in calculating inmates' matrix scores. As a result, Hough was released from custody. Had the criteria established by the court, as implemented formally by the sheriff, been used, he would not have been released. At the time of his release, there were at least seven inmates, who had lower matrix scores than the improperly computed score of Hough, who were not released. Plaintiffs allege that the county was negligent in releasing Hough. The trial court granted the summary judgment on the ground that the release decision was a judicial function for which the county is immune.

■ Immunity for judicial acts extends to officials who are performing acts that are parts of the judicial process. When judicial functions are performed by a public official other than a judge, the immunity is called quasi-judicial immunity, but

---

[1] Plaintiffs took a default judgment against defendant Hough. The court granted an ORCP 67B judgment against plaintiff on behalf of county. The City of Portland was voluntarily dismissed as a party.

the distinction makes no difference. Whether immunity is recognized depends on the nature of the function being performed. *Praggastis v. Clackamas County,* 305 Or 419, 426-29, 752 P2d 302 (1988).

■ Calculation of Hough's matrix score and authorization of his release were parts of the performance of a judicial function, because only judges are authorized to make release decisions and because the employes who actually released him were acting under the authority of the federal matrix release order. Their only authority was derived from the federal court and the federal judge. In applying the matrix, they were carrying out a judicial order and were thereby performing a judicial function. If they were not carrying out a judicial function, they were not carrying out any lawful function at all in the particular circumstances. In performing a judicial function, just as in performing any function, the actor can make a mistake or can be simply, simple-mindedly or even stupidly wrong. The function is still judicial.[2]

This case is unlike *Utley v. City of Independence,* 240 Or 384, 402 P2d 91 (1965). Here, county corrections personnel had authority to act—derived from the federal court; in *Utley,* the defendants could not identify *any* source from which any authority to act *at all* was derived. If county's employes disobeyed their instructions, that was a matter between them and the federal court. It did not deprive them of immunity.

Affirmed.

**EDMONDS, J.,** dissenting.

The majority states:

"In applying the matrix, [the corrections officials] were carrying out a judicial order and were thereby performing a judicial function."

---

[2] In *Praggastis v. Clackamas County, supra,* 305 Or at 426, the Supreme Court stated:

"The common law recognized that there is a public good to be gained from the principled and fearless decision-making of judicial officers freed from concern over suits by disappointed litigants. To gain this good, it is necessary to cloak judicial officers with immunity from civil liability for their acts, so long as these acts are within the jurisdiction of the officer."

Because of that conclusion, the majority holds that county is immune.

That holding ignores the fact that the corrections officials chose to disregard a category in the computation of Hough's score that they were required to include pursuant to the federal court order, the source of county's claim of immunity. This is not a case of mistake, carelessness or negligence. This is a case in which county's corrections officials *chose not* to follow the court's order.

Quasi-judicial immunity is like an umbrella of protection. The parameters of the umbrella are defined by the scope of authority granted by a court to a quasi-judicial officer through its order. In *Praggastis v. Clackamas County,* 305 Or 419, 426, 752 P2d 302 (1988), the court stated:

> "The common law recognized that there is a public good to be gained from the principled and fearless decision-making of judicial officers freed from concern over suits by disappointed litigants. To gain this good, it is necessary to cloak judicial officers with immunity from civil liability for their acts, so long as these acts are within the jurisdiction of the officer."

The purpose of judicial immunity is not served by the majority's result. I would hold that, when county chose to exceed its authority by releasing Hough, on the basis of criteria other than authorized by the federal court, it stepped outside the protection of judicial immunity. The majority would reward county with immunity for its action. The result is that county's discretion to release prisoners is not limited by the federal order.[1]

Accordingly, I dissent.

Graber, P. J., joins in this dissent.

---

[1] In considering whether to extend quasi-judicial immunity to persons who exceeded the lawful authority granted them by a court order or statute, other jurisdictions have declined to do so. *See U.S. Gov. ex rel Houck v. Folding Carton Admin.,* 121 FRD 69, 73 (N D Il1 1988); *McCray v. State of Maryland,* 456 F2d 1, 5 (4th Cir 1972); *Dalton v. Hysell,* 56 Ohio App 2d 109, 381 NE2d 955 (1978); *see also Washington v. Official Court Stenographer,* 251 F Supp 945 (ED PA 1966).