911 F.2d 722
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ricky Ricardo HARRIS, Plaintiff-Appellant,
v.
John M. GREACEN, Clerk of the Court, U.S. Court of Appeals,
4th Circuit, Jean St. John, Deputy Clerk of the
Court, U.S. Court of Appeals, 4th
Circuit, Defendants-Appellees.
 No. 89-7222.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 22, 1989.
Decided July 31, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (C/A No. 88-463-R)
 Ricky Ricardo Harris, appellant pro se.
 Gurney Wingate Grant, II, Office of the United States Attorney, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ricky Ricardo Harris appeals the district court's dismissal of this Bivens-type action. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Harris alleged that various constitutional rights were violated when this Court failed to notify him until July 25, 1987, that it had denied his petition for rehearing on April 28, 1987. Harris, through the petition for rehearing, had sought to have the Court reconsider its October 1, 1986, decision dismissing Harris's appeal of the district court's denial of his habeas corpus petition. See Harris v. Warden, No. 85-6618 (4th Cir. Oct. 1, 1986) (unpublished). Named as defendants were the Clerk of this Court, a supervisor in the Clerk's Office, and the Clerk of the United States Supreme Court.
 
 
 2
 When he was notified that the petition for rehearing had been denied, Harris attempted to file a petition for a writ of certiorari with the Supreme Court. He included with that petition an explanation of why the petition was late. However, the Supreme Court returned the petition because the filing deadline had passed.
 
 
 3
 Harris asserted that he was denied due process and access to the courts in violation of the First and Fourteenth Amendments. He further claimed that these violations caused a violation of the Eighth Amendment. Harris requested declaratory and injunctive relief as well as compensatory and punitive damages.
 
 
 4
 The Supreme Court Clerk moved to dismiss. The other defendants also moved to dismiss or, in the alternative, for summary judgment. In her declaration appellee St. John, the supervisor, stated that she did not routinely process prisoner cases such as this. She became aware of Harris's predicament in June 1987, and she had no hands-on involvement with the matter until July 21, 1987, when she mailed Harris what, according to Clerk's Office records, was a second copy of the denial of the petition for rehearing.
 
 
 5
 In his uncontroverted declaration, the Clerk denied any personal involvement in the appeal until October 1988. It was then that he first learned of the complaint and brought the matter to the attention of a three-judge panel of the Court. The panel decided to remedy the situation by withdrawing the order of April 28, 1987, and issuing in its place a new order denying the petition for rehearing. The order was entered on October 13, 1988. This gave Harris another 90-day period in which to file a petition for a writ of certiorari in the Supreme Court. The record reveals that Harris filed a certiorari petition following the October 13 denial of the petition for rehearing. The Supreme Court denied the petition on February 21, 1989.
 
 
 6
 The district court dismissed the action. The court found that the service of process on the Supreme Court Clerk was insufficient, and he was dismissed without prejudice. The court granted the other defendants' motions for summary judgment because Harris had shown at most mere negligence on their part. This appeal followed. We affirm.
 
 
 7
 A claim of denial of access to the courts implicates both the First and Fourteenth Amendments. McCray v. Maryland, 456 F.2d 1, 6 (4th Cir.1972). With respect to the Fourteenth Amendment claim, "the Due Process Clause simply is not implicated by a negligent act of an official." Daniels v. Williams, 474 U.S. 327, 328 (1986). Assuming that Harris's version of the facts is correct, he alleged nothing that would suggest that the defendants' actions were anything more than "merely negligent." See id. at 333. The Clerk did not become aware of the matter until October 1988, and the supervisor did not become involved in the case until some time between June 28, 1987, and July 21, 1987. Both defendants responded promptly once alerted to the situation.
 
 
 8
 The claim that Harris's First Amendment rights were violated similarly must fail. The initial order denying the petition for rehearing was withdrawn and a new order was entered denying the petition. Harris then filed a timely petition for a writ of certiorari with the Supreme Court. The merits of the underlying judgment thus were before that Court. Under these circumstances, there was no First Amendment denial of access to the courts.
 
 
 9
 Harris's final claim of an Eighth Amendment violation is too conclusory to warrant consideration. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). We dispense with oral argument because the facts and legal arguments are adequately set forth in the record, and oral argument would not significantly aid the decisional process.
 
 
 10
 AFFIRMED.