915 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond D. CAPALDO, III, Plaintiff-Appellant,
v.
Julia LONG, Monroe County Circuit Court, Defendant-Appellee.
 No. 90-1788.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1990.
Decided Oct. 12, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Charles H. Haden, II, Chief District Judge. (CA-90-494-1)
 Raymond D. Capaldo, III, appellant pro se.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Raymond D. CaPaldo attempted to file a complaint in West Virginia state court seeking reversal of his adoption, which was accomplished in 1951. The clerk of the court, Julia Long, refused to docket the complaint.* CaPaldo then filed this 42 U.S.C. Sec. 1983 action alleging that Long had violated his constitutional rights by interfering with his attempt to file a complaint.
 
 
 2
 The district court dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The court reasoned that CaPaldo was attempting to challenge state court proceedings, and that such a challenge was barred by District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). CaPaldo appealed.
 
 
 3
 The court's holding, relying on Feldman, is based upon its reading of the complaint that CaPaldo was seeking to challenge a ruling on his attempt to overturn his adoption. However, CaPaldo's complaint stated that he was seeking declaratory, injunctive, and monetary relief against Long for failing to file the complaint, rather than for any action taken by the state court on the complaint.
 
 
 4
 This Court has recognized that a complaint against a state court clerk for impeding the filing of pleadings states a claim for relief. McCray v. Maryland, 456 F.2d 1 (4th Cir.1972); see also Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir.), cert. denied, 396 U.S. 941 (1969). Because CaPaldo's complaint against Long may state a claim for relief, it should not have been dismissed as frivolous. Neitzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1882). Therefore, we vacate the district court's order and remand for further proceedings.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 For purposes of this appeal we take CaPaldo's factual allegations as correct. Gardner v. Toilet Goods Assn., Inc., 387 U.S. 167, 172 (1967)