923 F.2d 848
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Bernard LIVESAY, Plaintiff-Appellant,
v.
Albert A. DAWSON, Jr., Defendant-Appellee.
 No. 90-6647.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 19, 1990.
Decided Jan. 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, United States Magistrate Judge. (CA-90-295-R)
 James Bernard Livesay, appellant pro se.
 Archer Lafayette Yeatts, III, Cynthia Bowers Tripp, Maloney, Yeatts & Barr, P.C., Richmond, Va., for appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before K.K. HALL, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Bernard Livesay appeals the magistrate judge's order denying relief under 42 U.S.C. Sec. 1983.[1] Livesay alleged that the defendant clerk of court negligently failed to file his appeal transcript with the Court of Appeals of Virginia within the prescribed time limit, resulting in the dismissal of his appeal. He said that he has filed a petition for habeas corpus in the state courts in an effort to gain his right of appeal.[2] The magistrate judge found that Livesay failed to state a claim under Sec. 1983. However, we vacate the magistrate judge's order and remand for further proceedings.
 
 
 2
 Negligent action of a state official does not state a violation of the due process clause. See Daniels v. Williams, 474 U.S. 327 (1986). However, the right of access to the courts has roots in the first amendment, and a negligent deprivation of this right states a claim under Sec. 1983. See McCray v. Maryland, 456 F.2d 1 (4th Cir.1972). Livesay is entitled to proceed on this claim after he has exhausted the state court procedures he has already initiated. See Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). Because the statute of limitations would bar this action in the near future, it must be held in abeyance pending Livesay's exhaustion of state court remedies. Id. at 32.
 
 
 3
 Therefore, the order dismissing the complaint is vacated and the action is remanded to the magistrate judge with instructions to hold this case in abeyance until Livesay has exhausted his state court remedies. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.
 
 
 
 [1]
 Both parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. Sec. 636(c)(1)
 
 
 [2]
 There has been some additional state court action according to Livesay's statements in filings to this Court. The state courts are apparently attempting to give Livesay a belated appeal. The result of the state court's efforts is unclear from the record