59 F.3d 166
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 George W. GANTT, Plaintiff--Appellant,
v.
Peter J. MESSITTE, Judge; Joseph Hass, Clerk; C. Gould,
Deputy Clerk; Berger, Staff Attorney; Bern,
Staff Attorney, in their individual and
official capacities,
Defendants--Appellees.
 No. 94-7385.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1995.
Decided: June 27, 1995.
 
 George W. Gantt, Appellant Pro Se.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. We have reviewed the record and the district court's opinion and find no reversible error. We note that the district court denied leave to proceed in forma pauperis based on the merits of the case, rather than on Appellant's financial ability. The proper procedure is for the court to make the in forma pauperis determination based on the financial information, without regard for the merits of the case. Boyce v. Alizaduh, 595 F.2d 948, 950-51 (4th Cir.1979). Once filed, the complaint may be dismissed under 28 U.S.C. Sec. 1915(d) (1988), if it is frivolous. Here, the district court's error is harmless because the court actually filed the complaint, notwithstanding the denial of leave to proceed in forma pauperis. See Fed.R.Civ.P. 61. Therefore, we affirm substantially on the reasoning of the district court.[1] Gantt v. Messitte, No. CA-94-2979-S (D. Md. Nov. 3, 1994). We grant leave to proceed in forma pauperis on appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[2]
 
 
 2
 AFFIRMED.
 
 
 
 [1]
 We agree that, with respect to Appellant's damages claim, the Defendants were immune from suit. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (holding that judges enjoy absolute judicial immunity from damages liability for judicial acts unless done in clear absence of all jurisdiction); McCray v. Maryland, 456 F.2d 1, 5 (4th Cir.1972) (finding derivative immunity for public officers acting at direction of court). Although the district court did not address Appellant's claim for injunctive relief, we find that dismissal nevertheless was appropriate. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994), cert. denied, 115 S.Ct. 1371 (1995)
 
 
 [2]
 We deny Appellant's motion to consolidate this appeal with Appeal Nos. 94-7303 and 94-7384 because these appeals arose from separate district court cases and involve different facts and issues