**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-2406

GERTRUDE CORETTA FENNELL HAMILTON,

Plaintiff – Appellant,

v.

SUSANNA H. MURRAY; ERIC C. SCHWEITZER; CATHERINE B. TEMPLETON; OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC; DEPUTY CLERK MELISSA NEWMAN,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:15-cv-02085-PMD)

Submitted:  April 29, 2016          Decided:  May 13, 2016

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gertrude Coretta Fennell Hamilton, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gertrude Coretta Fennell Hamilton filed suit against the opposing counsel and a federal district court deputy clerk involved in her prior Americans with Disabilities Act suit. Her instant complaint alleged fraud and other misconduct related to the prior employment litigation. The district court dismissed the suit as frivolous. Our review of the record and Hamilton's contentions on appeal reveal no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court. Hamilton v. Murray, No. 2:15-cv-02085-PMD (D.S.C. Oct. 14, 2015).

In addition, Hamilton sought to bring suit against a deputy clerk of the court for errors and actions taken as part of her employment. Judges possess absolute immunity for their judicial acts and are subject to liability only in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Similarly, court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction. McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972); see also Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (holding that causes of action against clerks of court for negligent conduct impeding access to the courts cannot survive). Moreover, to the extent Hamilton alleged that the clerk acted intentionally, this fact alone, even if true, would

2

not deprive her of absolute quasi-judicial immunity from suit. See Stump, 435 U.S. at 356 (holding that a judge may "not be deprived of immunity because the action [taken] was in error, was done maliciously, or was in excess of his authority").

Here, Hamilton's claim is based on her confusion regarding the docket sheet from her prior case. She alleges that the clerk intentionally delayed entering the final order in her prior case until the Defendants' bankruptcy stay was in place in order to prevent Hamilton's appeal. However, although summary judgment was granted on Hamilton's claim in February 2009, the clerk could not enter a final order until the counterclaim was resolved. This is the delay of which Hamilton complains. It was entirely proper and did not prevent her appeal. Moreover, to the extent Hamilton claims that the bankruptcy stay prevented her from timely appealing the underlying order, this claim was raised and rejected in the prior proceeding.

Hamilton also avers that the court clerk improperly altered the final court order. However, the alteration removed language stating that Hamilton had agreed to the dismissal of the counterclaim. Given that Hamilton herself complained of this language, the alteration did not prejudice her. There is also a notation that the final order was later modified to replace a damaged document. Although Hamilton asserts that this was

wrongful and compensable conduct, she does not aver how this modification was improper or how she was injured.

Thus, Hamilton's claims against the court clerk consist of assertions that she delayed entry of an order and improperly altered another order. Our review of the prior case makes clear that no procedural inconsistencies or damage to Hamilton existed. Accordingly, the claims against the clerk were properly dismissed as frivolous.

As such, we affirm the district court's judgment. We deny Hamilton's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4