Thomas P. Sullivan, Deborah H. Bornstein, Joan M. Hall, Jenner & Block, Chicago, Ill., John L. Cantlin, Cantlin, Bute & Associates, Ottawa, Ill., for defendants.

---

Elizabeth THORNTON, Plaintiff,

v.

Robert WAHL, Sheriff, LaSalle County, Robert Newell, Deputy Sheriff, LaSalle County Sheriff's Office, Anthony M. Condi, Deputy Sheriff, LaSalle County Sheriff's Office, Robert Scutt, LaSalle County Sheriff's Office and Edmund Thornton, Defendants.

No. 84 C 3089.

United States District Court, N.D. Illinois, E.D.

Sept. 19, 1985.

---

## MEMORANDUM AND ORDER

MORAN, District Judge.

This civil rights action is an installment in a contentious divorce proceeding. It is an installment which here concludes, as defendants' motion for summary judgment is hereby granted.

### I.

On November 10, 1983 the Circuit Court of Cook County entered a supplemental

judgment of dissolution of marriage in connection with post-divorce property distribution proceedings between plaintiff and defendant Thornton. As part of the judgment order plaintiff was ordered to vacate the family home (Thornwood) by December 1, 1983. The relevant part of the order reads as follows:

It is further ordered that Mrs. Thornton vacate the Thornwood property and remove the listed furnishings at her cost on or before December 1, 1983. This will allow her sufficient time to prepare for the move from the house. The court must keep in mind that Thornwood was originally found to be [Mr. Thornton's] non-marital property on July 5, 1978. This finding was affirmed by the Appellate Court on November 20, 1980. [Mrs. Thornton] has lived there rent-free for this entire period and [Mr. Thornton] has been excluded from the main residence at Thornwood since sometime in 1975. I believe Mrs. Thornton has had enough time to find other living quarters. She has ample funds available to her to rent or buy a new house and she receives maintenance payments to help her pay the cost of living there. She can always store her furniture on December 1, 1983 if she has not found a permanent residence by then. In the event [Mrs. Thornton] has not vacated Thornwood and removed her listed furnishings by December 1, 1983, [Mr. Thornton] may ship the listed items to a storage facility in Ottawa, Illinois, and he may deduct the costs incurred from future payments of unallocated maintenance and child support. He may also move into the main house on December 2, 1983.

Plaintiff filed a notice of appeal with the state appellate court on November 29, 1983. On November 30, 1983 she filed an application for a stay of the November 10, 1983 order, also in state appellate court.

Thornton filed a response on December 1, 1983.

Thornton's attorney sent a letter to defendant Wahl, the Sheriff of LaSalle County, on December 1, 1983. In the letter he advised Wahl of the Circuit Court's November 10, 1983 judgment and the existence of pending motions in the appellate court. The letter enlisted the aid of Wahl and his department in the event that plaintiff failed peaceably to comply with the Circuit Court's judgment. The letter stated that Thornton was entitled to enforce the supplemental decree by virtue of the final statement in the Circuit Court's opinion that "[t]here is no just reason to delay enforcement or appeal of this judgment." Thornton and his lawyer also met with Wahl on December 1, 1983. Thornton advised the sheriff that he would seek to oust plaintiff from Thornwood, if necessary, on December 7, 1983.

The appellate court had taken no action on plaintiff's motions by 8:15 a.m. on the morning of December 7, 1983, when Thornton and the three deputy sheriff defendants appeared at Thornwood. Plaintiff refused to admit Thornton and the deputies. After two fruitless hours a locksmith picked the lock of the door. Upon gaining entrance Thornton demanded that plaintiff leave, which she refused to do. Plaintiff then called her attorney, who in turn contacted Wahl and unsuccessfully argued that the eviction of plaintiff was improper and should be halted.

After Thornton had been in the house 15 minutes and after plaintiff had locked herself into her bedroom briefly, plaintiff agreed to vacate Thornwood on the condition that she be able to take a large box of personal papers or belongings. At this point she was arrested for criminal trespass, Ill.Rev.Stat. ch. 38, § 21–3,[1] handcuffed, and jailed for two and-a-half hours

---

1. Ill.Rev.Stat. ch. 38, § 21–3 reads in relevant part:

**Criminal Trespass to land.**
a) Whoever enters upon the land or any part thereof of another, after receiving, immediately prior to such entry, notice from the owner or occupant that such entry is forbidden, or remains upon the land of another after receiving notice from the owner or occupant to depart, commits a Class C misdemeanor.

before being released on bond. Presumably because of the local prominence of the parties plaintiff's arrest attracted some media attention. The criminal trespass charge was later dropped.

## II.

Plaintiff's complaint alleges in essence that she was unlawfully seized and detained, in violation of the Fourth and Fourteenth Amendments. Her position is that the sheriff and his deputies wrongfully intervened to assist Thornton in carrying out an eviction he was not legally entitled to perform. There is no question that the arrest and detention of a citizen without lawful authority represents a substantive constitutional deprivation. There is also no question that defendants' acts were performed under color of state law. Defendants' position is that the deputies had probable cause to arrest plaintiff for criminal trespass. She, after all, refused to leave Thornwood one week after the date she was ordered to do so by the Circuit Court. The existence of probable cause for the arrest, defendants argue, shields them from section 1983 liability.

Summary judgment is to be granted when there are no disputes of material fact and the moving party is entitled to judgment as a matter of law. Even when all inferences are drawn in plaintiff's favor, as they must, summary disposition in this case is warranted.

Plaintiff's case rests upon two propositions. The first is that Thornton enlisted the aid of the sheriff and his deputies. In other words, the deputies arrested plaintiff in order to effectuate Thornton's eviction of plaintiff from Thornwood. There is much evidence to support this proposition and the defendants appear to concede its truth. The second and failing proposition is that Thornton and the other defendants lacked authority to arrest plaintiff, thereby removing her from the premises.

At the time of the arrest Thornton had a court order declaring him the owner, granting him possession and directing plaintiff to leave by a prior date. It had not been reversed, vacated nor stayed. Plaintiff had a claim of right, but it had been adjudicated adversely to her.

Plaintiff does not deny that she was supposed to leave, that she first refused to do so and that her subsequent acquiescence was substantially qualified. She complains, rather, that her former husband used the wrong remedy. She claims that he should have proceeded by a forcible entry and detainer action or by a contempt proceeding and that she was unconstitutionally deprived of her rights by his initiating a criminal proceeding.

Forcible entry and detainer, was, however, apparently not available because the trial court in a divorce proceeding retains jurisdiction to enforce its decree. See *Davis v. Davis*, 114 Ill.App.3d 438, 71 Ill.Dec. 516, 451 N.E.2d 4 (4th Dist.1983). Nor has plaintiff indicated why the protection of the criminal laws is not available to someone solely because a contempt citation is obtainable. If Thornton had broken into the house prior to December 1 or, contrary to a court order not to contact plaintiff personally, had confronted her at the residence prior to that date, this court has no doubt that plaintiff would have, quite properly, called the police. Perhaps it would have been more appropriate for Thornton to seek a contempt order. In the absence of some further judicial action which relieved plaintiff from the obligation of the court order, however, by December 7, 1983, defendants had every reason to believe that plaintiff was remaining upon the land of another after receiving both notice from the owner to depart and a binding court order, entered after full adversarial proceedings, to that same effect. An arrest upon criminal complaint after plaintiff's resistance to leaving may have been heavy handed. It was not a violation of her constitutional rights.

For the reasons stated, the defendants' motion for summary judgment is granted. Their request for attorneys' fees is denied.