**Elizabeth THORNTON,
Plaintiff-Appellant,**

v.

**Robert WAHL, et al.,
Defendants-Appellees.**

No. 85-2786.

United States Court of Appeals,
Seventh Circuit.

Submitted March 25, 1986.

Decided April 3, 1986.

Rehearing and Rehearing En Banc
Denied April 28, 1986.

Patrick T. Murphy, Patrick T. Murphy, Ltd., Chicago, Ill., for plaintiff-appellant.

Joan M. Hall, Jenner & Block, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, and POSNER and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Elizabeth Thornton expelled her husband in 1975 from Thornwood, the family home, and he took up residence in one of the estate's coachhouses. In 1978 the state court with jurisdiction of the Thorntons' divorce proceedings ruled that Thornwood is Mr. Thornton's property. After the two were divorced, Mrs. Thornton refused to leave Thornwood. On November 10, 1983,

the state court entered a supplemental judgment requiring Mrs. Thornton to depart no later than December 1. She filed an appeal (on November 29) and an application for a stay; although the court did not issue a stay by December 1, Mrs. Thornton did not leave.

Mr. Thornton asked Robert Wahl, the sheriff of LaSalle County (where Thornwood is located) to help him regain the main house of the estate. On December 7 Mr. Thornton, Wahl, and three deputy sheriffs arrived at Thornwood. Mrs. Thornton refused to let them in. While the sheriff awaited the arrival of a locksmith, Mrs. Thornton called her attorney, who (according to the complaint) told her that she was entitled to stay. After the locksmith opened the front door, Mrs. Thornton locked herself in her bedroom. When she emerged, she refused to leave the house without a box of personal possessions, a box too large to fit in her car. It looked like her departure would be indefinitely postponed. The sheriff then arrested her for criminal trespass, in violation of Ill.Rev. Stat. ch. 38 § 21–3(a). This statute provides that anyone who "remains upon the land of another after receiving [oral or written] notice from the owner or occupant to depart, commits a class C misdemeanor." Mrs. Thornton was jailed for 2½ hours and released on bond. The State's Attorney later dropped the criminal charge against her. On December 9 the court finally denied Mrs. Thornton's motion for a stay, so Mr. Thornton retained possession of Thornwood.

This suit is Mrs. Thornton's revenge. She charged the sheriff, three deputy sheriffs, and her former husband with violating her rights under five amendments to the constitution. She also invoked the court's pendent jurisdiction and charged the defendants with five torts. Her theory is that Mr. Thornton should have filed still another state action—for ejectment, forcible entry and detainer, or contempt of court—to procure her departure from the house. The district court, 618 F.Supp. 1043, granted summary judgment for the

defendants, concluding that although forcible entry and detainer rather than criminal trespass is the right way to settle disputes between tenants and landlords, Mrs. Thornton had had her day (rather her eight years) in court, and Mr. Thornton was entitled to enforce the judicial order that Mrs. Thornton leave. Because Mr. Thornton had one judicial order, he did not need another. Mrs. Thornton cited to the district court (and to us) several state cases saying that trespass is the wrong way to try disputed claims of right to interests in land. The district court properly replied that Mr. Thornton had tried his claim to judgment and was not using the criminal law to settle the dispute. He was using it only to enforce the court's order. He was entitled to enter the house; once there, he as owner was entitled to instruct Mrs. Thornton to leave; when she refused to leave except on conditions satisfactory to herself, the sheriff was entitled to take her away.

Mrs. Thornton replies that Mr. Thornton was not authorized to enter or tell her to leave. This is so, her brief says, because "[a]ccording to Illinois Supreme Court rules, a Motion for Stay automatically stays judgement [sic] until such time as a ruling is made on the Motion for Stay." A motion for a stay was pending on the morning of December 7 when the sheriff arrived, and Mrs. Thornton therefore concludes that her ex-husband had to bide his time. Her brief does not cite any rule for this proposition, but it cites Ill.Rev.Stat. ch. 110 § 2–1305 for the statement that "once a Motion for Stay was filed, all proceedings were stayed pending a decision on the Motion for Stay."

■ We publish this opinion to remind counsel that they may not make assertions of law for which there is no support. Fed. R.Civ.P. 11 provides that every pleading or "other paper"—a term that includes notices of appeal and appellate briefs—shall be signed, and that the signature "constitutes

a certificate ... that the [person signing] has read the ... paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." If a paper violates this rule, "the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include" attorneys' fees. The appellate proceedings in this case are unsupported by any colorable legal argument. They must have been pursued to vex Mr. Thornton and the sheriff. We therefore award attorneys' fees to the appellees on our own initiative.

The argument that a motion for a stay automatically stays a judgment pending the appellate court's decision is preposterous. It would deprive courts of the power to set enforceable deadlines. Mrs. Thornton cites Ill.Rev.Stat. ch. 110 § 2–1305 and "Illinois Supreme Court rules." Section 2–1305 authorizes the filing of a motion to stay "proceedings" in court pending resolution of other issues. It does not deal with stays of outstanding orders, let alone say that an application for a stay has the same effect as the issuance of a stay.* It allows a judge to issue a "certificate" staying "further proceedings," and this certificate acts as a stay, but this is a far cry from an automatic stay. Mrs. Thornton does not cite any rule of the Supreme Court of Illinois, and we cannot find one with the effect she describes. Rule 305(b)(1), the only one close to the point, states that a reviewing court "may stay pending appeal ... the enforcement, force and effect of any ... final or interlocutory judgment or judicial or administrative or-

---

\* The pertinent text is: "A party intending to move to set aside any judgment, bond or other proceeding may apply to the court or to the judge in chamber for a certificate (which the judge may, in his or her discretion, grant) that there is probable cause for staying further proceedings until the order of the court on the motion. Service of a copy of the certificate at the time of or after the service of the notice of the motion stays all further proceedings accordingly."

der." The Rule does not hint that the filing of a motion has the same effect as the issuance of a stay. Mrs. Thornton does not cite any case construing § 2–1305 or Rule 305 in this way; we have not found one.

■ In sum, this appeal rests on a serious misstatement of state law. It is hard to imagine that a lawyer could advise a client to defy an outstanding judgment on the ground that an application for a stay had been filed but had not been granted, or that a lawyer could inform us—without a shred of authority—that in Illinois an application for a stay has the effect of a stay itself. We do not want to discourage vigorous advocacy, but an advocate must represent his client within the existing structure of the law, and not some imagined version of it. See *In re TCI Ltd.*, 769 F.2d 441 (7th Cir.1985). Mrs. Thornton's presentation also cannot be described as a reasoned request for a change in the law. Her brief misrepresents existing law; she does not accurately describe the law and then call for change. (It would not matter if she had. A federal court hearing an action under 42 U.S.C. § 1983 is not the right forum in which to request a change in the appellate procedures of Illinois, if the existing procedures comply with the constitution.)

■ Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense. The Rule requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule. See *TCI, supra*, 769 F.2d at 445–46, 449–50; *American Security Vanlines, Inc. v. Gallagher*, 782 F.2d 1056 (D.C.Cir.1986); *Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir.1986); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168 (D.C. Cir.1985); *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253–54 & n. 7 (2d Cir.1985). We do not say that Mrs. Thornton and her lawyers acted with the subjective purpose to misstate the law and

harass the defendants. The test under Rule 11 is objective. See *Frazier v. Cast*, 771 F.2d 259, 265 n. 4 (7th Cir.1985); *Zaldivar, supra*, 780 F.2d at 831; cf. *TCI, supra*, 769 F.2d at 445. The point, rather, is that every lawyer must do the necessary work to find the law *before* filing the brief. It is not acceptable to make an assertion of law and hope that it will turn out to be true.

■ This assertion turned out not to be true, turned out indeed to be wildly untrue. Ordinarily we impose attorneys' fees on the party, leaving party and lawyer to settle accounts. But we do not suppose that the representations about state law were approved by Mrs. Thornton personally; although she is responsible for pursuing this litigation, she has received bad legal advice. We therefore impose part of the award on counsel personally. Mrs. Thornton and her counsel must pay double costs and the reasonable attorneys' fees incurred by the defendants. Counsel must pay half of the bill personally, and Mrs. Thornton must pay the other half. Counsel for appellees have 15 days to file appropriate statements with the clerk.

AFFIRMED.