**James HAMMONDS, Plaintiff,**

**v.**

**The BOARD OF ELECTION COMMISSIONERS FOR the CITY OF CHICAGO, Michael E. Lavelle; James R. Nolan and Corneal A. Davis, in Their Capacities as Members of the Board of Election Commissioners for the City of Chicago, the Political Education Project, Alderman Timothy Evans in His Capacity as Director of the Political Education Project, Darlena Williams, Percy Giles, the Independent Voters of Illinois-Independent Precinct Organization, Richard Barnette and Carol Savalis, in Their Capacities as Members of the Independent Voters of Illinois-Independent Precinct Organization, Defendants.**

**No. 86 C 1125.**

United States District Court,
N.D. Illinois, E.D.

June 23, 1986.

James Hammonds, pro se.

James P. Chapman and Alan Mills, James P. Chapman & Assoc., Michael Levinson, Bd. of Election Com'rs, Lawrence E. Kennon, Washington, Kennon, Hunter & Samuels, Franklin J. Lunding, Jr., Biggam, Cowan, Marquardt & Lunding, Chicago, Ill., for defendants.

### MEMORANDUM ORDER

ASPEN, District Judge:

For reasons that follow, defendant IVI–IPO, Barnette and Zavalo's motion for Rule 11 sanctions is granted, while the defendant Board's Rule 11 motion is granted in part.

Rule 11 requires the court to impose sanctions on a party or attorney (in this case plaintiff in Hammonds is both, an attorney who is a party) if he signs a pleading or motion which is not well grounded in fact and warranted by existing law. This Rule is taken seriously by this Circuit, *see, e.g., Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir.1986); *Frazier v. Cast,* 771 F.2d 259, 262–65 (7th Cir.1985);

*Rodgers v. Lincoln Towing,* 771 F.2d 194 (7th Cir.1985), by this district, *see, e.g., Northern Trust Co. v. Muller,* 616 F.Supp. 788, 789–90 (N.D.Ill.1985), and by this Court, *see Cannon v. Loyola University,* 609 F.Supp. 1010, 1016–17 (N.D.Ill.1985), *aff'd,* 784 F.2d 777 (7th Cir.1986). The test under Rule 11 is objective. *See, e.g., Thornton,* 787 F.2d at 1154. Hammond's sincerity, his "purity of heart," *id.,* is not relevant to our decision about whether Rule 11 has been violated. The standard is "one of reasonableness under the circumstances." *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 205 (7th Cir.1985) (quoting advisory committee note to Rule 11).

▮ Under this objective test, it is clear that Hammonds' claim against the IVI defendants had absolutely no basis in law or fact. Hammonds' deposition at 76–81 buttresses this conclusion. And Hammonds provides no basis for his claim in his brief in response to IVI's Rule 11 motion. Accordingly, the Court grants that motion and orders that Hammonds must pay the IVI defendants $1,687.10, which was their reasonable costs and attorneys' fees.

From the Magistrate's Report and Hammonds' deposition it is also clear that Hammonds had very little basis in law or fact for suing the Board. His only charge which had some factual or legal support was that officials making a "binder check" did not have an accurate map of the 37th Ward's boundaries. *See* Magistrate's Report at 13. But even this procedural debacle could not have possibly supported Hammonds' complaint since Hammonds conceded that only five or six petition signatures were affected. *Id.* Hammonds' testimony at trial and at his deposition [1] reveal no factual or legal basis for Hammonds' other claims. Nor does Hammonds offer any basis in his response to the Board's Rule 11 motion.

Hammonds offers only a few reasons why the suit was not frivolous. The first is that the deposition transcript does not show that the suit is frivolous, because the Board failed to ask the right questions. While the Board might have done a better job pinning Hammonds down, the deposition's failure to show conclusively that the suit was not totally frivolous (*see* n. 1 above) does not excuse Hammonds' failure to show *now* why the suit was not frivolous. The second reason Hammonds offers is that Judge Brian Duff, acting as the emergency judge in our absence, let the matter go to a hearing. This hardly shows the suit was not frivolous. It merely shows that Judge Duff did not want in a summary fashion to prevent Hammonds from having a chance to prove his claim. The relevant question is whether Hammonds had any support for bringing his claim, and he has not given us any.

The Magistrate apparently believed the suit was frivolous, but denied the Board's Rule 11 motion because (i) Hammonds sincerely believed he had a good suit, and (ii) the intense political fighting gave Hammonds little time to assess his position, making it overly "harsh" to subject him to more penalties "than he has already suffered." As noted earlier, Hammonds' sincere beliefs have nothing to do with whether Rule 11 was violated. The heat of the election, however, is relevant to the Rule 11 inquiry. Because the standard is one of reasonableness "under the circumstances," we can be more forgiving where a plaintiff has had little time to assess his position and is operating under emotionally charged conditions. Nevertheless, even under a forgiving view we do not think that Hammonds had any reasonable basis for bringing this suit. Accordingly, imposition of Rule 11 sanctions is warranted.

▮ Rule 11 gives the court discretion to impose "appropriate" sanctions. Exercising this discretion, we decline to award the

---

1. The deposition transcript was vague to some extent because Hammonds was repeatedly evasive, obstructive and contentious in response to the Board's questions. Many of his objections were frivolous and would have warranted relief under Rule 37. While Hammonds' evasiveness means that his deposition testimony does not *prove* that the suit was frivolous, neither does the transcript reveal any sound basis for the suit.

Board its full fees and costs. We think that the compressed time frame, the emotionally charged atmosphere, plaintiff's sincerity and the fact that *some* irregularity did come to light all work to mitigate to some extent (but not excuse) the seriousness of Hammonds' Rule 11 violation. *See Eastway Construction Corp. v. City of New York*, 637 F.Supp. 558 (E.D.N.Y.1986) (Weinstein, Ch. J.) (after engaging in objective inquiry to determine that Rule 11 was violated, court should consider subjective and other mitigating factors to determine "appropriate" sanction). We think that under the circumstances a fair and appropriate sanction would be for Hammonds to pay the fees and costs the Board incurred following Hammonds' deposition. This comes to $2,176.75. By the time of, and following, his deposition Hammonds should have realized from the course of the deposition that his suit had no chance. At that point, the Board offered Hammonds a chance to bail out without penalty. He refused. By then he had had a little more time to reflect on filing the suit. Under the circumstances, it is appropriate for Hammonds to pay for the additional costs he could and should have foreclosed when he decided to refuse the Board's offer and steam ahead with this suit despite the sure defeat which lay ahead of him.

In sum, then, Hammonds' frivolous lawsuit was an abuse of the judicial and electoral process. As an attorney he was—or should have been—fully aware of this. Both the IVI defendants and the Board are entitled to compensation as discussed above. Accordingly, Hammonds shall pay the IVI defendants $1,687.10 and the Board $2,176.75 as sanctions for violating Rule 11. It is so ordered.