Jane DOE, Plaintiff,

v.

Noel P. KEANE, Individually and d/b/a Infertility Center of New York; Noel P. Keane, P.C.; Philip J. Parker, M.D.; Michael I. Berke, M.D., P.C.; Michael I. Berke, M.D.; and Ronald G. Zack, M.D.; Michael H. Gotlib, M.D.; Michael H. Gotlib, M.D., P.C.; Abraham Blumer, M.D., Defendants.

No. G86–868 CA5.

United States District Court, W.D. Michigan, S.D.

June 23, 1987.

Bean & Bean, P.C. by Wiley E. Bean, Grand Ledge, Mich., for plaintiff.

Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C. by Ralph Valitutti, Detroit, Mich., for defendant Dr. Philip Parker.

Law Offices of Melvin Schwartz by Melvin Schwartz, Southfield, Mich., Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C. by Richard A. Bone, Detroit, Mich., for defendant Abraham Blumer.

Simon, Jarema & Associates by Dennis Simon, Southfield, Mich., for defendants Blumer and Gotlib.

Miller, Canfield, Paddock & Stone by Linda O. Goldberg, Ann Arbor, Mich., for defendants Noel P. Keane, Noel P. Keane, P.C. and Noel P. Keane, d/b/a Infertility Center of New York.

Law Offices of Melvin R. Schwartz by Melvin R. Schwartz, Southfield, Mich., for defendant Ronald G. Zack, M.D.

Plunket, Cooney, Rutt, Watters, Stanczyk & Pedersen by D.J. Watters, Detroit, Mich., for defendant Michael I. Berke, M.D., P.C. and Michael Berke, M.D.

## OPINION REGARDING MOTION GRANTING PARTIAL ATTORNEYS' FEES

HILLMAN, Chief Judge.

Plaintiff Jane Doe filed suit on September 23, 1986, alleging damages under 42 U.S.C. § 1983 and the Thirteenth and Fourteenth Amendments to the United States Constitution. On March 26, 1987, I dismissed the suit pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. Currently before the court is defendant Keane's motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 11, and Local Rule 49. Defendant Blumer has filed a concurring motion. For the reasons discussed below, defendant Keane's motion is granted in part and defendant Blumer's motion is denied.

### I. Factual Background

Upon receipt of plaintiff's complaint, counsel for defendant Keane, Linda Goldberg, wrote to plaintiff's counsel, Wiley E. Bean, on October 2, 1986, requesting that he withdraw the suit for the reason that it was barred by controlling law. The court has examined Ms. Goldberg's letter. It contains a detailed analysis of the relevant case law equivalent in scope to a brief in support of a motion. In effect, attorney Goldberg provided plaintiff's counsel with a draft copy of defendant Keane's motion to dismiss thereby giving Mr. Bean every opportunity to examine defendant's arguments and to determine whether his client had any cognizable federal claim.

Mr. Bean summarily responded to defendant Keane on October 23, 1986. He did not address the legal arguments presented to him and he refused to dismiss plaintiff's complaint. He stated, "we are not aware of any recent Federal case allowing the sale of a person. I realize that the Dred Scott decision did require the free states to return runaway slaves."

Ms. Goldberg subsequently filed a motion to dismiss. She argued that plaintiff's claims under 42 U.S.C. § 1983 and the Fourteenth Amendment were barred because plaintiff had not pled and could not prove that defendants had acted under color of state law. She also correctly pointed out that there is no private right of action under the Thirteenth Amendment.

In reply, and despite the absence of any authoritative support for his position, Mr. Bean argued that the failure of the state of Michigan to affirmatively prohibit surrogate parenting transformed the defendants' actions into state action. Without properly amending the complaint, plaintiff also raised two new claims pursuant to 42 U.S.C. §§ 1981 and 1985. Defendant Keane responded to the new claims on December 8, 1986.

The court heard oral argument on March 26, 1987. Ruling from the bench, the court rejected every argument presented by plaintiff and dismissed plaintiff's federal claims under Rules 12(b)(6) and 56 of the

Federal Rules of Civil Procedure. Subsequently the court filed a written opinion that was substantially the same as its discussion from the bench.

## II. Standard of Review

In any civil rights suit based on Sections 1981, 1983 or 1985, the court, pursuant to Section 1988, may award attorneys' fees to the prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garmet Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (applying the *Christiansburg* standard for fees in Title VII cases to fee petitions brought under Section 1988). The Supreme Court warns, however, that judges must not engage in post-hoc reasoning to justify such an award. *Christiansburg, supra,* at 422, 98 S.Ct. at 701. "Even when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.* "Decisive facts may not emerge until discovery or trial." *Id.*

Rule 11 provides another avenue by which fees and costs may be obtained against an attorney and his or her client. As amended in 1983 it provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiring it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The amendment to Rule 11 "stresses the need for some prefiling inquiry into the facts and the law to satisfy the affirmative duty imposed by the rule." *Albright v. Upjohn Co.,* 788 F.2d 1217, 1221 (6th Cir. 1986). Counsel's conduct is to be measured by an objective standard of reasonableness under the circumstances. *Id.* In administering the rule, courts must avoid hindsight and instead test a signer's conduct by inquiry into what was reasonable at the time the paper was filed. Factors such as the amount of time available for investigation; whether the signing attorney had to depend on his or her client for the information on which the pleading is based; and whether the pleading is based on a plausible view of the law should be taken into account in determining what is reasonable. *Notes of Advisory Committee on Rules.*

District courts have little discretion in the application of this sanction. Rule 11 mandates imposition on a finding that a lawyer or client acted in violation of its requirements. "Good faith" no longer provides a defense to imposition of sanctions. "An empty head but a pure heart is no defense." *Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir.), *cert. den.,* —— U.S. ——, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

Finally Local Rule 49(c) states:

> The filing of frivolous motions or oppositions to motions subjects the offending party, and his attorney in the discretion of the Court, to appropriate discipline including the imposition of costs and attorney fees.

## III. Discussion

The Sixth Circuit holds that imposition of attorneys' fees against a losing party in a civil rights suit "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.,* 789 F.2d 1225, 1232 (1986). Pursuant to this rule, fees and costs may not be assessed against plaintiff under Section 1988, Rule 11, or Local Rule 49. The legal errors in the pleadings do not involve the type of knowledge of which the court can reasonably expect a lay person to know. Had the problem with the complaint been factual, then plaintiff might well be held responsible since the facts more than likely would have been within her knowledge and she could have corrected any errors at the time of signing. However,

the determination as to whether certain facts will support a federal claim is peculiarly within the purview of lawyers. In this regard, it must be kept in mind that the court dismissed the suit for failure to state a federal claim. It did not address the merits of plaintiff's state claims. Furthermore, the letter written by defendant Keane's counsel setting forth the reasons why plaintiff should voluntarily dismiss her claim was addressed only to Mr. Bean and there is no indication in Mr. Bean's reply that he showed it to or discussed its contents with plaintiff.

■ As to Mr. Bean, however, I am satisfied that Rule 11 mandates imposition of a sanction. There is no indication in any of the papers filed by Mr. Bean that he made any inquiry whatsoever into the law governing claims under 42 U.S.C. §§ 1981, 1983, and 1985, or the Thirteenth and Fourteenth Amendments. As I made clear in my bench comments and the opinion filed March 26, 1987 and incorporated here, none of the claims and arguments made by Mr. Bean on behalf of his client came anywhere near stating a federal question cognizable in this court.

Neither can Mr. Bean's arguments be construed as a legitimate attempt to extend the law interpreting the statutes and Constitutional amendments on which he based plaintiff's claims. Lawyers must not be discouraged from making new and innovative arguments for extension of Constitutional claims. When this is done, however, one expects an attorney to set forth a statement of the law as it exists and then explain by clear argument why and how it might properly be extended by the judiciary. Instead, in this case, the various briefs written by Mr. Bean, the arguments he presented to the court during the hearing on this matter, and his response to defendant Keane's motion for costs and fees demonstrate his total lack of knowledge and understanding regarding the basic legal requirements of bringing suit under these statutes. A brief review of any standard text on federal procedure would have immediately convinced Mr. Bean that the points raised in Ms. Goldberg's letter of

October 2, 1986, were legally sound and unrefutable. Mr. Bean's own affidavit, filed in response to the motion for fees and costs, further supports this conclusion. Attorney Bean states that he filed the suit after "extensive and detailed" discussions with plaintiff and other individuals who have been involved in surrogate parenting. However, he provides no details regarding any legal research that he may have done prior to filing plaintiff's complaint. He states only that "reasonable" research was conducted.

Unquestionably, Mr. Bean is well informed on the topic of surrogate mothering. However, his impassioned pleas against the practice are better suited to legislative chambers than a federal courtroom which has no jurisdiction over his claims. For these reasons, I am satisfied that defendant Keane is entitled to attorneys' fees and costs against Mr. Bean under Federal Rule 11 and Local Rule 49.

*IV. Imposition of sanctions*

■ While violation of Rule 11 requires imposition of sanctions, the type of sanction that is imposed rests within the discretion of the court and may range from a reprimand to payment of fees and costs. *See Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1175 (D.C.Cir.1985).

I have carefully examined Ms. Goldberg's affidavit detailing the hours that she spent preparing defendant Keane's case. Ms. Goldberg devoted 37.25 hours to researching plaintiff's claims, drafting the motion to dismiss, researching the new claims and arguments raised in plaintiff's response brief, and drafting a reply. Of this time, defendant seeks reimbursement for only 33.25 hours. Defendant does not seek reimbursement for the four hours that Ms. Goldberg spent researching state law issues. Neither does defendant Keane seek reimbursement for the time that Ms. Goldberg spent traveling to Grand Rapids for the hearing, or the 7.5 hours that she devoted to tasks other than the direct defense of defendant Keane such as discussing the case with counsel for the other defendants. Finally, defendant does

not seek reimbursement for the hours devoted to research by an associate in the office of Ms. Goldberg. I find reasonable the number of attorney hours for which defendant requests reimbursement. I also find that the hourly rate charged by Ms. Goldberg, $100.00 in 1986 and $140.00 in 1987, appropriate and reasonable for an attorney of her training and background working in the Ann Arbor area. (*See* Goldberg Affidavit at 1.) The total amount sought by defendant Keane for attorneys' fees equals $4,305.00.

█ Although this sum is in every way reasonable, the attorneys' fees paid by defendant Keane are not the only measure of proper sanctions under Rule 11. The equities of the situation and in particular the relative financial resources and abilities of the parties must also be taken into account. *Mohammed v. Union Carbide Corp.*, 606 F.Supp. 252, 262 (E.D.Mich. 1985). Rule 11 is to deter baseless litigation but not at the cost of the financial ruin of the parties or attorneys. *Id.* Imposition of the full amount of the fees requested could critically harm a small practice like Mr. Bean's. Therefore, I am imposing half of the requested fees on Mr. Bean. This is appropriate in light of Mr. Keane's financial success in the surrogate mothering business and the American trial tradition requiring each party to bear its own fees. *See Shimman v. Intern. Union of Operating Eng. Loc. 18*, 744 F.2d 1226, 1229 (6th Cir.1984) (*en banc*) (discussing the American Rule). Unlike the practice in Great Britain, cost shifting is not the norm in the United States and while Rule 11 allows it, it does not require or even encourage it.

█ Defendant Keane also seeks $188.60 in photocopying charges and $325 for LEXIS research. This portion of his motion is denied. Although individual lawyers and firms may bill their clients for the charges they incur in computer research and photocopying, such costs may also be characterized as an overhead cost similar to maintaining a library. Therefore I decline to impose them on Mr. Bean as a sanction.

Defendant Abraham Blumer seeks reimbursement of fees for time spent by two of his attorneys preparing for and attending the hearing held on March 26, 1987. Defendant Blumer did not submit a brief in support of this motion, but chose instead to rely on defendant Keane's brief. However, attorney Michael Asher did submit an affidavit stating that he and a partner with the firm with which he is associated, Mr. Bone, had expended 11 hours of work for which defendant Blumer sought reimbursement.

In contrast to Ms. Goldberg's affidavit, Mr. Asher's provides little detail as to how the 11 hours for which defendant Blumer seeks reimbursement were spent. Mr. Asher states that he and Mr. Bone, a senior partner at the firm with which he is associated, began working on the file on December 2, 1986. I would note, however, that their appearance for defendant Blumer was not noticed to the court until February 5, 1987. Mr. Asher states that he and his partner are "not seeking costs for services rendered prior to their preparation for and attendance at the hearing on March 27, 1987." According to Mr. Asher, "[t]hese costs are not being sought because the majority of pleadings were prepared by counsel for co-defendants" before defendant Blumer requested that Mr. Asher and Mr. Bone represent him. After reviewing the file of this case, I think it more accurate to say that none of the motions submitted on defendant Blumer's behalf were prepared by Mr. Asher or his partner. At least no motions were signed by Mr. Asher or Mr. Bone and in fact only one motion was submitted on behalf of Dr. Blumer after Mr. Asher and Mr. Bone made their appearance as counsel. That was a motion to compel answers to interrogatories filed by Karl Hannum and Melvin R. Schwartz.

At the present time, the court can only guess at exactly how the 11 claimed hours were spent. There is some indication that reimbursement for the 2.25 hours spent in court is sought. However, it is not clear whether travel time is also included in the 11 hour total. Assuming it is not, defendant Blumer seeks fees for nearly 9 hours worth of time unaccounted for by Mr. Asher or Mr. Bone. (Defendant Blumer was

also represented by Melvin Schwartz and Simon, Jarema & Associates.)

In light of the fact that Ms. Goldberg, counsel for the lead defendant and the author of the two major briefs in this case as well as the letter urging Mr. Bean to voluntarily dismiss the suit, only seeks fees for 33.25 hours worth of time, I do not believe it appropriate to sanction Mr. Bean with the eleven hours, of which nine are unaccounted for, allegedly expended by Mr. Asher and his partner.

In conclusion, defendant Keane's motion is granted and pursuant to Rule 11 and Local Rule 49, attorney Bean is sanctioned with payment of defendant Keane's attorneys' fees in the amount of $2,150.00. These costs are not to be passed on to plaintiff. Defendant Blumer's motion is denied.