UNITED STATES GOVERNMENT ex rel., Paul HOUCK, Plaintiff,

v.

FOLDING CARTON ADMINISTRATION COMMITTEE, et al., Defendants.

No. 87 C 1253.

United States District Court, N.D. Illinois, E.D.

June 2, 1988.

**70**

John D. Brennan, Chicago, Ill., for plaintiff.

Anton R. Valukas, Linda A. Wawzenski, Asst. U.S. Atty., for U.S.A.

Lowell E. Sachnoff, M. Marshall Seeder, Sachnoff Weaver & Rubenstein, Ltd., Chicago, Ill., for Harold Kohn, Douglas Rigler, Lowell Sachnoff, Eugene Warlich.

Thomas R. Meites, Joan H. Burger, Meites Frackman & Mulder, Chicago, Ill., for Michael M. Mulder.

Julian C. Campbell, Jr., Cynthia L. Johnson, Norman Rifkind, Hinshaw Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for Perry Goldberg.

William A. Montgomery, Thomas P. Luning, Schiff Hardin & Waite, Chicago, Ill., for Thomas P. Luning.

Kevin M. Forde, Mary Anne Mason, Kevin M. Forde, Ltd., Chicago, Ill., for defendants.

Steven Lawson, Matthew W. Wood, Johnson & Colmar, Chicago, Ill., for Steven Lawson.

William H. Oswald, Leon S. Conlon, Loyola University of Chicago, Chicago, Ill., for Loyola University of Chicago.

## ORDER

NORGLE, District Judge.

■ Before the court is defendants', Folding Carton Administration Committee, James Sloan, Perry Goldberg, Alexander Domanskis, and Thomas Boodel, motion for reconsideration of that portion of the courts' order dated January 20, 1988 ("Order"), denying their request for Rule 11 sanctions. Motions to reconsider are ordinarily granted only to correct clear errors of law or fact or to present newly discovered evidence which could not have been adduced during the pendency of the motion. *Publisher's Resource v. Walker–Davis Publication,* 762 F.2d 557, 561 (7th Cir. 1985). Properly used, motions to reconsider can serve as a useful mechanism for correcting errors and preventing injustice.

*Polys v. National Broadcasting Co.*, No. 80 C 2475, slip op. at 2 (N.D.Ill. Feb. 4, 1985). Improperly used, they can waste judicial resources and obstruct the efficient administration of justice. *Id.; White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir. 1967). Defendant's motion is proper because it questions the court's denial of Rule 11 sanctions on a ground which was previously raised but was not addressed in the court's order. Nevertheless, for the following reasons, the motion is denied.

In a lengthy opinion, the court dismissed this action for lack of subject matter jurisdiction without reaching the merits of defendants' absolute immunity defense. *Houck v. Folding Carton Administration Committee*, No. 87 C 1253, slip op. (N.D.Ill. Jan. 20, 1988) [available on WESTLAW, 1988 WL 74829]. In denying defendants' request for Rule 11 sanctions the court did not address that defense. *Id.* Defendants contend it was error not to do so because their claim to absolute immunity is clear under the law and, consequently, plaintiff's naming them as defendants could not have been based upon a reasonable investigation into the facts and the existing law. *See* Fed.R.Civ.P. 11. Without deciding the merits of defendants' claim to absolute immunity, the court finds that, under the particular and somewhat unusual facts of the present case, the imposition of sanctions is not warranted.

▪ The standard applied in determining whether Rule 11 sanctions are appropriate in a given case is an objective one of reasonableness under the circumstances. *In re Ronco, Inc.*, 838 F.2d 212, 217 (7th Cir.1988); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194 (7th Cir.1985). Rule 11 requires counsel to study the law before representing its contents to a federal court. *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.1986). Moreover, the research must be done before filing the pleading. *Id.* Making an assertion, or in this case filing suit against potentially immune defendants, in the hope that they will turn out to not be immune, is unacceptable. *See id.* Rule 11's purpose of deterring harassing litigation is highlighted in the present case because judicial immunity is itself a principle which seeks to deter the chilling effects of lawsuits. On the other hand, perhaps the extraordinary protection afforded by the principle, i.e., closing the courthouse door completely, counsels against wholesale application of sanctions when the principle is tested. In any event, the court will apply the objective standard as it would in any other case. If plaintiff's conduct is forbidden by the rule, some sanctions must be imposed. *See Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1082 (7th Cir.1987).

Defendants' claim to absolute immunity is based on their appointment by the district judge to serve as members of a committee formed to assist that court in the administration and distribution of a settlement fund. The order appointing the Committee provides that "[t]he Committee shall report to the Court on the status of claims filed and submit for the Court's consideration any other proposals for administration and distribution of the settlement funds." Deft's Exh. 8. Defendants contend their function was "uniquely judicial" and "adjudicatory in nature," emphasizing that if they or someone else had not been appointed, the judge himself would have performed that function. They cite to an impressive array of cases granting absolute immunity to officers intimately associated with the judicial process. *See Mosser v. Darrow*, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951) (bankruptcy trustee); *Stift v. Lynch*, 267 F.2d 237 (7th Cir.1959) (justices of the peace); *Sarelas v. Sheehan*, 353 F.2d 5 (7th Cir.1965) (deposition officers); *Kermit Construction Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1 (1st Cir.1976) (receiver); *Tamari v. Conrad*, 552 F.2d 778 (7th Cir.1977) (arbitrators); *Ashbrook v. Hoffman*, 617 F.2d 474 (7th Cir.1980) (commissioners appointed to conduct partition sale); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385 (9th Cir.1987) (bankruptcy judges, court clerks and trustee); *Oliva v. Heller*, 670 F.Supp. 523 (S.D.N.Y.1987) (law clerk). Defendants point to the distinction between judicial and administrative functions, *see Forrester v. White*, —— U.S. ——, 108 S.Ct.

538, 98 L.Ed.2d 555 (1988), arguing the function they performed was judicial, not administrative. Defendants also point to the potential chilling effect on the willingness of lawyers to accept appointments to serve on administrative committees which would result if immunity were not granted and the fact that plaintiff did not seek review of the orders of which he now complains. Finally, defendants flatly disagree with one of the court's previous statements, proclaiming "the *law does not permit* a plaintiff to question the acts of [the Committee and its members] taken pursuant to authorization from the court." Motion at 5.

Plaintiff's meagre response is long on argument and short on authorities. Liberally construed, the argument of plaintiff does, however, raise issues which cast doubt on the defendant's claim to absolute immunity. Plaintiff argues that, unlike judicial immunity, quasi-judicial immunity extends only to acts committed within the scope of the actor's jurisdiction and those that are authorized by law. He claims the defendants' conduct went beyond what was authorized and, therefore, is not shielded by absolute immunity. Despite plaintiff's thinly supported response, the court cannot conclude that a reasonable inquiry into existing law would not have revealed authority sufficient to support a good faith argument that absolute immunity should not apply to defendants' conduct.

Defendant cites to no case, and the court is unaware of any, which holds that administrative committees appointed by judicial officers to assist in the administration and distribution of a settlement fund are entitled to absolute immunity. Of course, the authority cited by the defendants supports the existence of such an immunity. The question remains, however, whether, under the particular facts and circumstances of the present case, a plaintiff could argue, consistent with the dictates of Rule 11, that such an immunity should not apply to defendants' conduct. The court finds plaintiff could reasonably make such an argument in the present case because: 1) defendants' conduct was arguably administrative rather than adjudicatory; 2) defendants' conduct arguably exceeded what was authorized; and 3) the policies underlying a grant of absolute immunity arguably do not apply under the unusual facts of the present case.

A functional approach to questions involving immunity has been consistently applied. *See Forrester*, — U.S. at —, 108 S.Ct. at 542. That is, the nature of the defendants' function must be examined to determine if immunity is appropriate. *Id.* In the present case, defendants' function was, at least at the outset, to assist the court in the administration and distribution of the settlement funds and make recommendations to the court concerning distribution. Defendants were called upon to evaluate claims and make recommendations concerning final disposition of the remaining funds. No doubt, these are judicial functions. And plaintiff's lawsuit involved the Committee's recommendation that the reserve fund be distributed in a certain manner: a judicial function. If the procedural history of the case ended there, the court would have little difficulty in determining that the defendants' function was obviously judicial and shielded by absolute immunity. This is so regardless of whether defendants' conduct was viewed as the exercise of a quasi-judicial function or as merely compliance with a judicial order.

However, the case did not end there. The Committee's recommendation was subsequently approved by the district court, the case was appealed, and the Committee's approved recommendation was subjected to scrutiny by the Seventh Circuit. *In re Folding Carton Antitrust Litigation*, 744 F.2d 1252 (1984). The Seventh Circuit's opinion is clear on the merits, but the procedural posture in which the case was left after its decision was somewhat unusual. The case was not remanded with a direction that the district judge proceed in accordance with the opinion. Instead, the opinion speaks in mandatory terms regarding the disposition of the reserve fund by the Committee. The court stated that "the Administration Committee should hold the reserve fund available for one year

from the date of this opinion...." *Id.* at 1254. The opinion also contains the following language: "we direct that the remainder of the reserve fund escheat to the United States." *Id.* at 1255. The dissenting judge concurred "in the majority's decision not to remand this case to allow the district court to dispose of the funds...." *Id.* at 1257. At that point, arguably the district court itself lost jurisdiction over the reserve fund's disposition. More importantly, the Committee's function had arguably been changed.

It could reasonably be argued that the Committee's function was to hold the money available for one year and then deposit it in the U.S. Treasury. Unlike its earlier function, the Committee's function was now arguably ministerial and administrative, rather than judicial. More importantly, plaintiff's claim was not based on the Committee's conduct in carrying out that function. Rather it was based on the Committee's seeking approval of a disposition of the funds which was contrary to the performance of that function. Of course, the Committee was placed in the undesirable position of being subject to inconsistent judicial orders: the one, to recommend disposition pursuant to the district court's order and, the other, to dispose of the funds without recommendation pursuant to the Seventh Circuit's order. Arguably, the conduct engaged in by the Committee was judicial in nature *because* of these procedural irregularities, not despite them. But the fact remains that a litigant could reasonably argue the Committee's subsequent recommendations to the district court were without authority.

Authority exists in support of the proposition that absolute judicial immunity does not extend to quasi-judicial officers who act outside their lawful authority. *See McGhee v. Moyer*, 60 F.R.D. 578, 585 (W.D. Va.1973) *citing McRay v. State of Maryland*, 456 F.2d 1 (4th Cir.1972). Perhaps characterizing the defendants as quasi-judicial officers is incorrect because defendants claim they were acting in obedience to a judicial order and pursuant to the court's direction. *See McRay*, 456 F.2d at 5 (stating immunity which attaches to those acting under court direction is "[a] closely associated defense"). Nevertheless, immunity still might not attach if the defendants' conduct exceeded their authority or amounted to a disregard of the court's order. *See id.* (citing cases).

In the present case, defendants' conduct in recommending distribution of the reserve fund in a manner at odds with the Seventh Circuit's mandate arguably went beyond the scope of their authority. The propriety of the recommendation is not the issue. Rather, it is whether the Committee had the authority to make any recommendation at all after the Seventh Circuit had ruled. As noted above, the Seventh Circuit's opinion arguably changed the Committee's function, in effect, amending the district court's order of appointment. And it is the Committee's recommendation, not the reserve fund's eventual disposition, which served as the basis of plaintiff's claim. The committee's composition (two attorneys for the plaintiff class, one who had represented a defendant, and one independent attorney, *see Folding Carton*, 744 F.2d 1252, 1984) furthers plaintiff's position in the sense that a completely independent committee's recommendation might have been less open to question. Under the circumstances, even an altruistic recommendation by the committee at odds with the Seventh Circuit's opinion might be viewed as ill-advised. Given these unusual circumstances, the court cannot conclude that a good faith argument for denying immunity under an extension of existing law did not exist.

Finally, the policies underlying grants of absolute immunity are arguably absent in the present case. The doctrine of judicial immunity serves to 1) discourage collateral attacks on judicial decisions, leaving the appellate courts as the appropriate forum for correcting judicial error and 2) prevent timidity in the exercise of the court's function. *Forrester*, —— U.S. at ——, 108 S.Ct. at 542. Plaintiff's recourse to appeal the subsequent settlement agreement is not clear. At the time this suit was filed the government had not intervened in the district court proceedings to set aside the settlement. Appellate review was, therefore, far from a certainty, and plaintiff's stand-

ing to object to the settlement was not free from doubt. Also, the unusual facts and circumstances of the present case lessen the likelihood that lawyers will be discouraged from accepting such appointments in the future. The court is cognizant of the danger, however, and merely intends to point out that the present case has distinguishing features which lessen its potential. Moreover, the impact of this opinion is somewhat lessened by the fact that it is being decided in the context of a motion for Rule 11 sanctions.

Again, the court expresses no opinion on the merits of defendants' claim to absolute immunity. The only question the court decides is whether naming these defendants in the complaint was warranted by existing law or a good faith argument for its extension. *See* Fed.R.Civ.P. 11. Plaintiff has not misrepresented existing law. *See Thornton*, 787 F.2d at 1154 (Rule 11 sanctions appropriate when counsel misrepresents existing law). The plaintiff and the defendants have accurately described the law. Plaintiff merely argues the cases cited by defendants do not, or should not, apply to the facts of the present case. The argument is not "preposterous," *see Thornton*, 787 F.2d at 1154, and the legal basis for the complaint is not sanctionably "wacky," *Szabo*, 823 F.2d at 1080. In the area of immunity, where the stakes are arguably higher, the court must be careful not to stifle plaintiff's enthusiasm in pursuing legal theories of recovery. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 834 (9th Cir.1986). Subsequent failure is simply not the test and the court would not be justified in second-guessing plaintiff's choice. Innovative and persistent advocacy should not be unreasonably penalized. *See Hamer v. Lake County*, 819 F.2d 1362, 1367 (7th Cir.1987); *accord Aetna Casualty & Surety Co. v. Fernandez*, 830 F.2d 952, 956 (8th Cir.1987) (excessive "sanctionitis" can chill effective advocacy). No doubt, plaintiff could foresee that his complaint would be met with an absolute immunity defense. However, anticipating a defendant's reliance on that defense should not, in all cases, force the plaintiff either to forego suit or suffer sanction. In appropriate cases, even absolute immunity may be tested to define the limits of its applicability.

■ In sum, the court finds that a reasonable investigation into existing law would not have revealed a claim to absolute immunity which would be unassailable under the particular facts and circumstances of the present case. Accordingly, Rule 11 sanctions are not warranted, and the court's order denying defendants' motion for sanctions will stand. Defendants' motion for reconsideration is denied.

IT IS SO ORDERED.