Jeannie HARDING, Plaintiff,

v.

TAMBRANDS, INC., Defendant.

Civil Action No. 94–1195–FGT.

United States District Court,
D. Kansas.

June 14, 1996.

Mark B. Hutton, Andrew W. Hutton, Hutton & Hutton, Wichita, KS, Tom Riley, Tom Riley Law Firm, Cedar Rapids, IA, Martis Ann Brachtl, Louis Gottlieb, Goodkind, Labaton, Rudoff & Scuharow, L.L.P., New York City, Robert J. Perkins, The Perkins Law Firm, Kansas City, MO, for Jeannie Harding.

Mark B. Hutton, Andrew W. Hutton, Hutton & Hutton, Wichita, KS, Tom Riley, Tom Riley Law Firm, Cedar Rapids, IA, Martis Ann Brachtl, Goodkind, Labaton, Rudoff & Scuharow, New York City, Robert J. Perkins, The Perkins Law Firm, Kansas City, MO, for Sandra D. Hayes, Edward Hayes.

Roger E. Podesta, Anne E. Cohen, Mary Beth Hogan, Debevoise & Plimpton, New York City, Kurt L. Rasmussen, Melody L. Nashan, John K. Power, Watson & Marshall L.C., Kansas City, MO, for Tambrands Inc.

Thomas N. Sterchi, Patricia A. Sexton, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, MO, William H. Robinson, Jr., Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, Adele Baker, Wright, Robinson, McCammon, Osthimer & Tatum, Washington, DC, Richard M. Cooper, Paul Mogin, Williams & Connolly, Washington, DC, R. Douglas Gentile, Douthit, Frets, Rouse & Gentile, Overland Park, KS, Phillip C. Rouse, Douthit, Frets, Rouse & Gentile, Kansas City, MO, for Playtex Family Products Corp.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the plaintiff's motion for reargument and/or reconsideration of the court's denial of class certification. Doc. 109. The plaintiff seeks to represent a class consisting of all residents or domiciliaries of the United States who suffered damages from Toxic Shock Syndrome (TSS) caused by using tampon products containing viscose rayon which were manufactured after February 1985 by the

defendant Tambrands, Inc. Plaintiff has estimated that the class contains between 14,000 and 69,000 women and girls. In a memorandum and order filed March 15, 1996, the court denied the motion for class certification. *Harding v. Tambrands, Inc.,* 165 F.R.D. 623 (D.Kan.1996).

The court's local rule 7.3 governs motions to reconsider:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge. Such motion shall be filed within ten days after the entry of the order or decision unless the time is extended by the court. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

D. Kan. Rule 7.3.

 The refusal to grant relief in a motion to reconsider is reviewed under an abuse of discretion standard. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Taliaferro v. City of Kansas City,* 128 F.R.D. 675, 677 (D.Kan.1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration Committee,* 121 F.R.D. 69, 71 (N.D.Ill.1988). Thus, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd,* 948 F.2d 1529 (10th Cir.1991), *cert. dismissed,* 503 U.S. 915, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992); *Butler v. Sentry Insurance,* 640 F.Supp. 806, 812 (N.D.Ill.1986). The court is not required to supply the rationale that the parties were unable to find. *See Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) ("court will not construct arguments or theories for the [litigants] in the absence of any discussion of those issues").

Plaintiff does not argue that there has been an intervening change in controlling law or that she has newly discovered evidence. Although not phrased in this manner, plaintiff appears to be asserting that the court committed clear error and that reconsideration is necessary to prevent manifest injustice. In her motion, plaintiff asserts that she has met the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff raises the following points: that the court can eliminate any problems of manageability or predominance by certifying only certain issues; that a class action is superior to individual litigation in this case; and that this court should await the class certification decision in the Norplant Contraceptive Products Liability Litigation, presently pending in the United States District Court for the Eastern District of Texas. The court shall address each of these points in turn.

Plaintiff asserts that the court did not fully consider the possibility of using its inherent power to limit the legal issues certified for a class trial. Plaintiff asks the court to consider certifying only the claims for negligence, breach of warranties, strict liability and medical monitoring. In the alternative, plaintiff asserts that certifying the negligence claim alone would be proper.

In the court's previous memorandum and order, the court considered the issue of certifying the medical monitoring claim. *See* 165 F.R.D. at 632. The court also considered the plaintiff's request to certify only individual issues. The court's memorandum and order did address the matter of issue certification, *see id.,* although perhaps not in as much detail as the plaintiff would have preferred. The plaintiff has provided no reason for the court to reconsider this ruling. In particular, plaintiff's negligence claim is not well suited for class certification. *See Castano v. American Tobacco Co.,* 84 F.3d 734 (5th Cir.1996) (discussing the Seventh Amendment risks inherent in allowing a second jury to reevaluate the defendant's conduct when comparing

the fault of an individual plaintiff to the defendant).

Plaintiff next argues that class litigation is superior to individual litigation in this case. Plaintiff bases her argument on her estimate of the size of the putative class—that with potentially 69,000 members of the class and only a handful of cases pending, there must be thousands of women and girls lacking access to the legal system for compensation for their injuries.

The defendant disputed the plaintiff's estimates of the size of the potential class, but conceded that the estimate given by plaintiff satisfied the numerosity requirement of Rule 23. The defendant's concession on this relatively minor point simplified one of the several issues presented by the plaintiff's class certification motion. The court made no determination of how many women and girls are included in the putative class. The court considered the fact that hundreds of individual TSS claims have been settled or litigated against the defendant since TSS first emerged as a recognized disease. The court considered the other factors relevant to the superiority determination, including the difficulties in management of such a proposed class action. *See* 165 F.R.D. at 631–32.

The plaintiff's final point is that this court should await the anticipated class certification order in *In re Norplant Contraceptive Products Liability Litigation,* M.D.L. 1038 (E.D.Tex.). The court declines the invitation to delay further the final resolution of the class certification issue. The *Norplant* decision is not binding on this court, and thus does not constitute an intervening change in the law justifying the reconsideration of the court's prior order. Further, the *Norplant* case involves claims consolidated for multidistrict litigation treatment. In the order denying class certification, this court found it significant that the Judicial Panel on Multidistrict Litigation denied multidistrict litigation treatment in that the Rely tampon TSS litigation. *See* 165 F.R.D. at 630.

Recently, two more Courts of Appeal have reversed the certification of nationwide class actions in personal injury cases asserting claims of, inter alia, negligence, strict liability and breach of warranties. *Georgine v. Am-*

*chem Products, Inc.,* 83 F.3d 610 (3d Cir. 1996) (asbestos); *Castano v. American Tobacco Co.,* 84 F.3d 734 (5th Cir.1996). In the absence of Tenth Circuit precedent to the contrary, the court finds these decisions persuasive.

Plaintiff's motion for reconsideration merely reasserts arguments which the court has previously considered and rejected. The plaintiff has demonstrated no clear error in the court's prior ruling.

**IT IS BY THIS COURT THEREFORE ORDERED** that plaintiff's motion for reargument and/or reconsideration (Doc. 109) is hereby denied.