Norma Kay JOHNSON, Plaintiff,

v.

DAYCO PRODUCTS, INC., Defendant.

No. 95–2460–RCN.

United States District Court,
D. Kansas.

March 25, 1998.

---

Thomas E. Hayes, Spigarelli, McLane & Short, Pittsburg, KS, Daniel R. Ray, Hershewe & Gulick, P.C., Joplin, MO, for plaintiff.

John I. O'Connor, The Advocates Group, Pittsburg, KS, for defendant.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on plaintiff's Motion to Reconsider and to Allow Plaintiff's Motion for Attorney Fees to be Filed Out of Time (doc. 69). Defendant has filed a response. The plaintiff has filed a reply. The matter is ready for the court's decision.

Plaintiff requests oral argument on the motion. The court finds that such argument is not required for an adequate consideration of the issues before the court.

This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et. seq., brought by the plaintiff against her former employer, for benefits under the employer's long-term disability plan. By Memorandum and Order, filed March 18, 1997, the court awarded benefits under the plan pursuant to 29 U.S.C. § 1132(a)(1)(B). Judgment was entered in accordance with the court's order on March 19, 1997.

As part of the relief requested, the plaintiff sought attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1). The court's Memorandum and Order addressed the request for attorneys' fees providing:

> The plaintiff requests an award of attorneys' fees under 29 U.S.C. § 1132(g). The court will consider the issue of attorneys' fees made in accordance with Fed.R.Civ.P. 54(d)(2) and D.Kan. Rule 54.2.[1]

Plaintiff filed a motion for an award of attorneys' fees on April 10, 1997. There were no further filings on this issue until the court entered its Order on August 4, 1997, overruling the motion on the basis it had not been timely filed under Fed.R.Civ.P. 54(d)(2)(B). This motion for reconsideration was, thereafter, timely filed under the provisions of D.Kan. Rule 7.3.

The Federal Rules of Civil Procedure do not provide for motions to reconsider, rather, they arise under D.Kan. Rule 7.3 which provides:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge. Such motion shall be filed within ten days after the entry of the order or decision unless the time is extended by the court. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evi-

---

1. Memorandum and Order at 29.

dence, or (3) the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider gives the court the opportunity to review newly discovered evidence or to correct manifest errors of law or fact. *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir.1992). A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence. *Voelkel v. General Motors Corporation,* 846 F.Supp. 1482 (D.Kan.1994); *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981). It also affords the court the opportunity to prevent manifest injustice. *Zimmerman v. Sloss Equipment, Inc.,* 835 F.Supp. 1283 (D.Kan.1993). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel,* 846 F.Supp. 1482 (citing *OTR Driver at Topeka Frito–Lay, Inc.'s Distribution Center v. Frito–Lay, Inc.,* 1993 WL 302203 [D.Kan.] ). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *U.S. Government ex rel. Houck v. Folding Carton Administration Committee,* 121 F.R.D. 69, 71 (N.D.Ill.1988).

Plaintiff requests that the court reconsider its original decision and allow plaintiff to file her motion for attorneys' fees out of time. Plaintiff does not cite D.Kan. Rule 7.3 nor discuss the standards applicable to the court's reconsideration of a prior order. The plaintiff simply argues that "all of the policy requirements dictated by F.R.Civ.P. 54 have been met and Defendant has not been prejudiced one iota from Plaintiff's re-

quest for attorney fees." [2] Plaintiff does not claim that the court misapprehended the applicable law or that reconsideration is necessary to correct clear error. Given a rather generous construction, plaintiff's argument is that the court must reconsider its prior order to prevent manifest injustice. The thrust of plaintiff's argument is that the court should retroactively allow the filing of the motion for attorneys' fees out of time.

There is no claim that plaintiffs motion for attorneys' fees was filed within time. Under Fed.R.Civ.P. 54(d)(2), a motion for attorneys' fees must be filed within 14 days of the entry of judgment. Judgment was entered in this case on March 19, 1997. The motion for attorneys' fees was required to have been filed on or before April 2, 1997. The motion was not filed until April 10, 1997.[3] Plaintiff did not address the untimeliness of the filing of the motion until after the court had overruled the motion.

Plaintiff also ignored the provisions of D.Kan. Rule 54.2:

The court will not consider a motion to award statutory attorney's fees made pursuant to Fed.R.Civ.P. 54(d)(2) until the moving party shall have first advised the court in writing that after consultation promptly initiated by the moving party, the parties have been unable to reach an agreement with regard to the fee award. The statement of consultation shall set forth the date of the consultation, the names of those who participated, and the specific results achieved.

If the parties reach an agreement, they shall file an appropriate stipulation and request for an order. If they are unable to agree, within 30 days of the filing of the motion under Fed.R.Civ.P. 54(d)(2), the moving party shall file the statement of consultation required by this rule and a memorandum setting forth the factual basis for each criterion which the court is asked to consider in making an award.

**2.** Motion to Reconsider and to Allow Plaintiff's Motion for Attorney Fees to be Filed Out of Time at 1.

**3.** Plaintiff argues that the motion was filed only 3 days out of time since plaintiff was entitled to the 14 days provided by Fed.R.Civ.P. 54(d)(2)(B)

plus 3 days for service by mail. The service by mail provision of Fed.R.Civ.P. 6(e) is inapplicable since Fed.R.Civ.P. 54(d)(2)(B) provides for the filing and service of the motion "no later than 14 days after entry of judgment."

Other parties shall have 10 days in which to file a response to the memorandum. The memorandum shall be supported by time records, affidavits, or other evidence. The memorandum in support of a motion required by D.Kan. Rule 7.1(b) need not be filed at the time the Fed.R.Civ.P. 54(d)(2) motion is filed.

D.Kan. Rule 54.2 requires that the moving party, within 30 days of the filing of a motion for attorneys' fees, file a statement of consultation advising the court that the parties have been unable to reach an agreement with regard to the fee award and a memorandum in support of the motion. The memorandum must set out the factual basis for each criterion which the court is required to consider and be supported by affidavits, time records or other evidence. The plaintiff did not file the required statement of consultation or the required memorandum. Not only was plaintiff's motion untimely under Fed.R.Civ.P. 54(d), but plaintiff failed to comply with the provisions of D.Kan. Rule 54.2. The court did not commit clear error in overruling the motion for an award of attorneys' fees.

■ The remaining issue is whether the court should reconsider its determination in order to prevent manifest injustice. The court's consideration of this issue is tied to the court's consideration of the arguments related to the plaintiff's motion for leave to file the motion for attorneys' fees out of time. The court will, therefore, turn to the issues related to that motion.

The court's order overruling the plaintiff's motion for attorneys' fees was entered almost four months after the filing of the motion. Plaintiff now requests that the court overlook the untimely filing and noncompliance with the applicable rules and allow the plaintiff to file the motion out of time under the provisions of Fed.R.Civ.P. 6(b) on the grounds of "excusable neglect."

In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court established criteria to be considered when determining whether a party's failure to act was the result of "excusable neglect." The court identified four factors to be considered, including the danger of preju-

dice to the nonmoving party, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith. *Id.* The Court suggested that the determination ultimately is an equitable one which takes into account all of the surrounding circumstances. *Id.* While the Court's decision involved consideration of a bankruptcy rule, the Court analogized to various civil rules in its analysis. The Tenth Circuit Court of Appeals has adopted the analysis when considering "excusable neglect" with respect to a motion for extension of time to file a notice of appeal. *City of Chanute, Kansas v. Williams Natural Gas Company,* 31 F.3d 1041 (10th Cir.1994). The analysis has been applied by our district court when considering a motion for leave to file a motion under Fed.R.Civ.P. 54(d)(2), out of time. See *Maberry v. Said, et al.,* 1996 WL 442046 (D.Kan.). The analysis will be applied in this case.

The following is a synopsis of the plaintiff's arguments. Plaintiff claims that there would be no prejudice to defendant because both plaintiff's and defendant's counsel expected attorneys' fees to be awarded and continued to negotiate on the amount of attorneys' fees to be paid until the date of the court's order overruling the motion. Plaintiff claims the parties were discussing the issue of the amount of attorneys' fees with the mediator for the Tenth Circuit. Plaintiff contends that defendant has been aware of the claim for attorneys' fees from the inception of the action, with the last request being noted in the plaintiff's Memorandum and Findings of Fact and Conclusions of Law at trial. Plaintiff suggests that since the defendant was aware of the claim for fees, the requirements of Fed.R.Civ.P. 54(d) have been met. Plaintiff suggests that it was her belief (the court presumes her counsel's belief) that the requirement of filing a motion for such fees within 14 days of judgment as required by Fed.R.Civ.P. 54(d), was not applicable because fees were provided by statute. Plaintiff argues that since her motion was only three days late, the motion should be al-

lowed.[4] Plaintiff claims that the purposes of Fed.R.Civ.P. 54, as pronounced in the Advisory Committee Notes, are satisfied since the motion was filed within 22 days after entry of judgment and defendant was aware of the claim for fees. Plaintiff argues that the motion was filed within sufficient time to allow the court an opportunity to rule on the motion while the case was fresh and in time for the issue of fees to be considered on appeal. The plaintiff also relies on *Maberry* as authority for its requested order. Noticeably absent from the plaintiff's argument is any explanation for her noncompliance with the requirement that the motion be filed within the 14 day period required by Fed.R.Civ.P. 54. The real thrust of all of the plaintiff's arguments, however, is that there will be no prejudice to the defendant.

It is clear from the plaintiff's arguments and the defendant's failure to controvert such arguments in its opposition to the motion to reconsider, that the parties were negotiating a settlement of this case and that defendant's counsel was considering defendant's exposure for attorneys' fees throughout the negotiations, prior to the entry of the court's order overruling the motion for attorneys' fees. An award of attorneys' fees under 29 U.S.C. § 1132(g)(1) is discretionary with the court. The amount to be awarded is also discretionary with the court. Upon the filing of the motion for attorneys' fees, the issue of whether attorneys' fees would be allowed and the amount thereof was likely a matter for negotiation between the parties. Since the defendant did not object to the timeliness of the motion, the court could conclude that defendant's counsel was not anymore aware of the time within which the motion was to be filed under Fed.R.Civ.P. 54 than was plaintiff's counsel. However, settlement discussions may not generally be used to prove a party's liability in the case. Further, settlement discussions held under 10th Cir.R. 33.2 are "confidential and must not be disclosed except by agreement of the parties." The court does not believe that the conduct of **defendant's** counsel after the filing of the motion is a factor to be considered by the court in determining the issue of prejudice to

the defendant. The critical factor is the delay in the time of filing of the motion for attorneys' fees and the prejudice caused by that delay. A period of only 8 days is involved. No proceedings were conducted during that period and the period of delay in filing the motion was reasonably nominal. The defendant was not likely prejudiced by the 8 day delay. Had the plaintiff filed the motion for leave to file the motion for attorneys' fees out of time at or within a few days of the untimely filing of the motion, this factor would weigh in favor of the plaintiff. However, such is not consistent with the facts of this case. The plaintiff did not file the motion for leave to file the motion out of time for a period of over four months after the untimely filing and after the court had ruled on the motion for attorneys' fees. In accordance with D.Kan. Rule 54.2, the court would not have considered the motion until plaintiff had complied with the requirements of the rule. The defendant was not obligated to object to the motion until such time as the plaintiff had complied with both applicable rules and filed the appropriate statement of consultation and memorandum. Granting the plaintiff leave to file the motion out of time on a motion filed four months after the motion was required to be filed, when the plaintiff had not taken any steps to perfect her claim for attorneys' fees, is prejudicial to the defendant and deprives the defendant of rights accruing by virtue of the plaintiff's neglect. Plaintiff's delay provides defenses to the motion which the defendant would lose if the court were to grant the instant motion. Prior to the plaintiff's filing of the motion for leave to file the motion out of time, the court had already overruled the motion for attorneys' fees. The defendant would be deprived of a ruling determining the plaintiff's entitlement to attorneys' fees. Such would be prejudicial to the defendant. This factor weighs in favor of the defendant.

The length of delay and its potential impact on the judicial proceedings is the next criterial factor. The court is to consider whether the delay was reasonably within the control of movant. Had the motion for leave to file the motion out of time been filed

---

**4.** As previously noted, the motion was actually 8      days late.

within a few days of the untimely motion for attorneys' fees and/or the plaintiff otherwise proceeded with the procedures of D.Kan. Rule 54.2 with the motion for leave filed prior to the court's ruling on the motion for attorneys' fees, the court's consideration would be significantly different. However, the plaintiff took no steps to assure a ruling on the motion for attorneys' fees, in accordance with the applicable rules, until after the court entered its order on the motion.

In order to permit consideration of whether attorneys' fees should be granted under 29 U.S.C. § 1132(g)(1) and the amount thereof, the court is required to reconsider its order overruling the motion for fees and to allow the untimely filing of the motion. The judicial proceedings must be reconvened in this court, notwithstanding that they had been previously concluded. Further, the court is required to reconsider its order overruling the motion for attorneys' fees notwithstanding the lack of any legal basis for such reconsideration other than the belated request for leave to file the motion for attorneys' fees out of time. This factor weighs against the plaintiff.

The court has previously noted the lack of any real explanation for the failure to file the motion for attorneys' fees within the time required by the rule. Plaintiff's argument that its counsel believed that Fed.R.Civ.P. 54 did not apply to attorneys' fees claimed under 29 U.S.C. § 1132(g)(1) is without legal merit. It is contrary to the express language of Fed.R.Civ.P. 54(d)(2)(A) which provides that claims for attorneys' fees "shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at the trial." Fed.R.Civ.P. 54(d)(2)(B) provides that "[u]nless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after the entry of judgment." 29 U.S.C. § 1132(g)(1) provides that the court, in its discretion, may allow attorneys' fees to either party. There is no statutory provision contrary to the provisions of Fed.R.Civ.P. 54(d)(2)(B). Further, the applicability of Fed.R.Civ.P. 54(d)(2) and the procedures of D.Kan. Rule 54.2 were specifically brought to the attention of the plaintiff when the court addressed the issue of attorneys' fees in its Memorandum and Order. The applicability of the provisions of Fed.R.Civ.P. 54(d)(2)(B) and D.Kan. Rule 54.2, as well as the court's expectations that the plaintiff would follow such provisions, could not be clearer. The plaintiff's legal position is completely without merit. The belief of plaintiff's counsel is irrelevant, particularly when it is totally unsupported by the law and any reasonable argument based upon the law. It is apparent to the court, although not stated by counsel, that plaintiff's counsel simply did not follow the applicable rules. This factor weighs against the plaintiff.

The court also considers the delay in seeking leave to file the motion and the reason for that delay. That delay was occasioned by the plaintiff's total disregard for the court's rules. Even if the plaintiff thought that the motion had been timely filed, the plaintiff took no steps to comply with the procedures of D.Kan. Rule 54.2. The fact that the parties continued to negotiate on the settlement of the case does not relieve plaintiff of her obligation to follow the court's rules. Had the plaintiff intended to follow the rules and required additional time to complete active negotiations outside the 30 days permitted by the rule, a motion could have been filed to request such additional time. Such a motion was not filed. The delay in filing the motion was reasonably within the control of plaintiff. This factor also weighs against the plaintiff.

The final factor relates to the good faith of the plaintiff. While there is no evidence that the plaintiff was in bad faith, the reasons advanced by the plaintiff for her failure to comply with the court's rules, evidence a complete disregard for the applicable rules and controlling law. The plaintiff argues that since the defendant was aware of the claim for fees, the requirements of Fed. R.Civ.P. 54 were met. This argument is patently frivolous. There is no exception, within the rules, such as is suggested by plaintiff. The fact that the rule was adopted to address particular procedural issues does not provide a basis for ignoring the provisions of the rule when the litigant determines that the purposes for adoption of the rule

have been otherwise satisfied. It is obvious that the plaintiff's counsel did not review the rules, although they were specifically brought to his attention by the court. The reasons stated constitute rationalization and creative explanation rather than legitimate explanations for a failure to file a timely motion for an award of attorneys' fees, as well as a prompt motion for leave to file an untimely motion out of time. The rules of procedure, including the Federal Rules of Civil Procedure and the Rules of Practice of the District Court for the District of Kansas have purpose, meaning and effect. They control the manner of the proceedings. Failure to observe the rules can have substantial consequences. Were the court to ignore a litigant's complete disregard for the rules and relieve the litigant of the consequences of its failure to observe the rules, in every case, the rules would be eviscerated. This factor weighs against the plaintiff.

The only authority cited by the plaintiff in support of her position under Fed.R.Civ.P. 54(d) is *Maberry v. Said, et al.*, 1996 WL 442046 (D.Kan.). *Maberry* does not support the plaintiff's position. In that case, the plaintiff filed the motion for attorneys' fees one day out of time. On the third business day thereafter, the plaintiff filed a motion for leave to file the untimely motion. No other events or filings in the case intervened between the filing of the two motions. The plaintiff provided a plausible, although improper, explanation for his erroneous computation of the time within which the motion was to be filed. It was of significance that the matter was raised by the plaintiff immediately. There was no disruption of the judicial process attributable to the one day delay. The facts in *Maberry* are in stark contrast to the facts of this case. In this case, while the motion was filed only eight days out of time, the court ruled on the motion some four months later, after the plaintiff had failed to comply with D. Kan. Rule 54.2 to bring the motion to issue before the court. The plaintiff in this case did not seek leave to file the motion out of time until **after** the court had overruled the motion. The explanation provided in *Maberry* while not totally accepted by the court, was at least plausible. There was no evidence of disregard for the court's rules. Further, there was no disruption of the judicial process since the court would have deferred ruling on the motion until the pending post-trial motions had been resolved. The court had not ruled on the motion for attorneys' fees. In considering all of the applicable factors and all of the circumstances surrounding the plaintiff's failure to file a timely motion, the court can only determine that "excusable neglect" has not been established.

The court returns to the issue of whether it must reconsider its original order to prevent manifest injustice. The court concludes that it should not. There is no basis for reconsideration. While the result of plaintiff's noncompliance with the rules and the court's prior ruling may seem harsh, the evidence before the court is that the plaintiff's counsel totally and completely ignored the applicable rules although they had been brought to his attention by the court. In its Memorandum and Order, filed March 18, 1997, determining the merits of the plaintiff's claims, the court specifically instructed the plaintiff that any claim for attorneys' fees should be filed in accordance with Fed. R.Civ.P. 54(d)(2) and D.Kan. Rule 54.2. The plaintiff not only made no effort to comply with the rules, or the court's order, but the plaintiff now argues that she was not obliged to comply. Plaintiff's counsel makes no apologies for his noncompliance and accepts no responsibility. He suggests that his noncompliance with the rule is a technicality. The plaintiff's argument that the court should reconsider its original ruling on the grounds of precluding manifest injustice is without merit.

The plaintiff's motion for reconsideration is overruled. The motion for leave to file the motion for attorneys' fees out of time is overruled. (Doc. 69).

IT IS SO ORDERED.